## H. S. VANCE v. STATE.

[61 South. 305.]

1. CRIMINAL LAW.  *Plea of former jeopardy.   Sufficiency.   Vagrancy.*
   *Code 1906, section 5055.*

   Where a defendant was charged under Code 1906, section 5055,.
   with abandoning his wife and children and failing to support them:
   a plea "that his wife had deserted him and his home without.
   fault of his, that she refused to live with him and went to her·
   father's home, that he was at all times courteous to her, providing;
   for and furnishing her a home and the necessaries of life and that
   he had been tried and acquitted of the same charge as that in the
   present trial" was insufficient as a plea of former jeopardy; the
   offense charged being a continuing one and the plea not showing
   that since the date of the former trial he had supported his family,
   or that his wife continued to refuse to live with him.

2. SAME.

   Under Code 1906, section 5055 so providing, the offense of vagrancy
   consists not only of abandonment of the wife by the husband but
   of the family, which includes the children and the conduct of the·
   wife does not release him from providing for them.

APPEAL from the circuit court of Forrest county.
HON. PAUL B. JOHNSON, Judge.
H. S. Vance was convicted of vagrancy and appeals.
The facts are fully stated in the opinion of the court.

*Holcomb & Draughn* and *J. R. Holcomb,* for appellant.

At the special July term of the circuit court of Forrest county, Misissippi, H. S. Vance was tried and convicted on a charge of vagranccy.

The said alleged vagrancy consisted of the desertion of his wife and children, and he was sentenced to serve thirty days in the county jail.

Before defendant was placed on trial a plea in bar of former jeopardy showing specifically a trial by a jury in a court of competent jurisdiction and an acquital by a jury on the identical charge alleged upon which a conviction was had in the circuit court from which this appeal is taken as shown by the plea which constitutes a part of the record in this case.

The defendant interposed a motion in abatement based on the chancery court record exhibited in behalf of defendant in the circuit court showing that the arm of the law had been invoked by a regular chancery court proceeding to compel defendant to support his wife and children which proceeding was then regularly pending and being prosecuted by the wife of defendant in behalf of her and her children, as shown by the chancery court record in said cause.

The defendant is being prosecuted under section 5055, division K of the Code of 1906, which reads as follows:

"The following persons are and shall be punished as vagrants: Every person who shall abandon his wife or family without just cause, leaving her or them, without support, or in danger of becoming a public charge."

As is shown by the pleadings Mr. Vance was regularly and legally tried by a court of competent jurisdiction of the same and identical charge of which he is here being prosecuted.

When the jury acquitted Mr. Vance of the charge of vagrancy as shown by the plea of former jeopardy they said that he was not guilty of abandoning his wife without just cause. This division of the crime of vagrancy

is not a continuous crime.  In *Crawley* v. *State,* 146 Ala. 145, 41 So. 175, the court said, in passing on this division, of a similar statute:   To constitute the offense there must be an actual desertion, followed by a failure or refusal to provide means of subsistence for the wife and children.   The absence of either would prevent the offense being made out.   And after a completed act of desertion there cannot be new act of quitting his house and leaving his wife and children without subsistence until a return to the discharge of the marital and parental obligation and another act of quitting, etc., occurs.  *Gay* v. *State* (Ga.), 31 S. E. 569, 70 Am. St. Rep. 68.   It is if no consequence that there are some acts of vagrancy as defined in the statute, of a continuous character.  This is clearly not one of them.  Nor in our opinion, can there be an affidavit or indictment framed under the statute so as to make the offense here attempted to be charged a continuing one.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

I think the only question in the case worthy of consideration is the question as to whether or not the appellant could be convicted on this charge for a failure to support his wife and children after having abandoned them and whether the continued abandonment of his family would constitute a crime after the original separation and abandonment more than two years having expired between the original abandonment of his family and the institution of this proposition.

The statute denouncing the charge is in these words:

"Every person who shall abandon his wife or family without cause leaving her or them without support or in danger of becoming a public charge."   Section 5055- clause "k".

In construing this statute, we must try to find the legislative purpose and must consider the evil intended to

be remedied by this statute. The evil designed by the legislature to be overcome by this statute was the evil of able-bodied persons leaving a wife and children to suffer or to become a charge upon the public. While it was also true under the law, that a person was legally liable for the support of his wife and children so long as the relation exists, that is until the husband and wife were legally separated by a divorce in the case of a wife, and in the case of children, until they become of sufficient size and maturity to earn a livelihood by their own labor. If we can put a construction upon the statute that would let a husband escape further liability for neglect of this duty after the expiration of two years from the original separation, we would find the evil to exist without any proper remedy, whereas if we place a construction upon the statute consistent with the purpose of remedying the evil which it was enacted to cure, and hold that so long as the duty existed to support the wife and children that the failure to discharge this duty would constitute crime, we will reach a result that would be very helpful to society generally and certainly would be helpful to the wife and children involved.

The class of persons that the statute was enacted to reach and which could not be reached by any civil proceeding prior to the enactment of the statute, was persons who had no means which could be reached by execution. I think that the sounder view would be to declare the statute a continuing one and that so long as the obligation resting upon the head of the family existed, his failure to discharge the duty would at any time become an offense, and that the statute of limitations could never run so long as this obligation rested upon such person. This view is sustained in the well-considered case of *Banister* v. *Sullivan* , 91 Law Times (N. S.), p. 380.

This theory of the case is further strengthened and borne out by section 5061 of the Code of 1906, providing a punishment for a second conviction, and while it could

be the fact that a person could commit a second offense who had gone back to his family and attempted to carry out and discharge his duties and the construction contended for would not be absolutely necessary to sustain a second conviction, yet to place a construction that one convicted would eliminate any further liability to prosecution for failure to discharge his duties would leave the evil unremedied, as in most cases if there were no subsequent proceedings that could be had, the husband and father, once convicted and having gotten rid of the liability, would never reassume it.

One of the purposes of the legislature was to induce a person to discharge the duty imposed by law, and by nature, on the husband and father, and it was never enacted solely for the purpose of punishing a past offense.

This section is not placed under crimes and misdemeanors and should not receive the kind of construction that is required of the ordinary criminal statute. The statute in this case, while partaking of the harshness of the criminal law in certain instances, is remedial in its nature, and at most is only a *quasi* criminal and should be construed by the court as remedial statutes are construed, that is, in a liberal spirit with a purpose to remedy the evils which it was designed to cure, and I submit that the case should be affirmed and the rule laid down by the court that no man shall hereafter neglect his family and escape, after serving a one brief thirty days' sojourn in the county jail.

Argued orally by *D. W. Draughan,* for appellant and *Geo. H. Ethridge,* assistant attorney-general, for the state.

REED, J., delivered the opinion of the court.

Appellant was tried and convicted on a charge of vagrancy, in this: that being a married man, and having a wife and child, he did unlawfully abandon his family,

and refuse to maintain and support them, and left them in danger of becoming a public charge. In the circuit court, upon the trial of his case on an appeal from the conviction in the justice of the peace court, appellant interposed a plea of former jeopardy, in which he set forth an acquittal on the same charge in a former trial during the year 1908. A demurrer to this plea was sustained. He states in the plea that his wife had deserted him and his home without fault of his, and that she refused to live with him, and went to her father's home; also that he was at all times kind and courteous to her, providing for her and furnishing her a home and the necessaries of life; that the trial in 1908, wherein he was acquitted, was on the same charge as that in the present trial. He further sets out that since the date of the acquittal he "has had nothing to do, nor has he lived, with the aforesaid Mrs. Annie Vance," his wife. There is nothing in the plea to show that he has since the date of the former trial provided a support for his family, and the plea does not aver that Mrs. Vance continued to refuse to live with appellant.

The charge in this case is made under section 5055, Code of 1906, declaring that certain persons shall be punished as vagrants, among them "every person who shall abandon his wife or family, without just cause, leaving her or them without support, or in danger of becoming a public charge." Under this section the abandonment of and failure to suport the wife or family, without just cause, is made a public wrong, remedial in its nature. The guilty one can be prosecuted and punished. This offense, in its very nature, is continuing. Under the law, the husband and father owes to his family the duty of properly and continuously providing for their support in accordance with his means. It will be noted that the state by statute has provided a punishment for the husband who fails in his duty to support his family, and it is the evident purpose of the law to require him, so far as may be

possible, to discharge his duty as the head of the family. The further purpose of the law, as shown in its statement, is to prevent the husband's family from becoming a public charge upon the state. It will be noted that the statute provides that the offense consists, not only of abandonment of the wife, but of the family. This, of course, includes children. In this case there is nothing in the plea to show that appellant has had any just cause for his failure to provide proper support for his child, and it is true that his failure to so support his child, even after the acquittal, as he claims, will render him guilty of a violation of the statute.

The facts set forth in the plea in this case are not sufficient to exclude the conclusion that appellant has been guilty of abandoning his family without just cause, and of failure to support them as now charged. Having in mind the purpose of the statute to require the husband, who is the head of the household, to provide maintenance for his family in accordance with his duty, and to prevent such family from becoming a public burden, we do not believe that the plea in question is sufficient in its averments to show former jeopardy.

*Affirmed.*