R. L. McRae *v.* State.

[61 South. 977.]

1. Criminal Law. *Former prosecution. Code* 1906, *section* 5055, *subdivision K*-1916-5058. *Limitation. Bastards. Presumptions. Husband and wife. Witnesses. Competency.*

Where a husband and father is prosecuted for vagrancy under Code 1906, section 5055, subdivision K, which declares that "every person who shall abandon his wife or family, without good cause, leaving her or them without support, or in danger of becoming a public charge," shall be deemed a vagrant and punished as such. The failure of a husband and father who is the head of a family to support his wife and child, without just cause, is a violation of the statute and the fact that two

years prior to his present prosecution he had been prosecuted for the same offense and had compromised by paying a given amount per month for six months for such support was no bar to the subsequent prosecution as the offense being a continuing one, the bar of the statute of limitations did not attach.

2. BASTARDY. *Presumption of legitimacy.*

It is a general rule of law that a child born after marriage is presumed to be legitimate, and this presumption of legitimacy is not defeated by an antenuptial conception.

3. WITNESSES. *Competency. Husband and wife.*

At common law the husband and wife were not competent as witnesses for or against each other, but an exception to this general rule under the common law, was that a wife is a competent witness against her husband in a prosecution for an assault and battery committed by him on her person and other exceptions may be made by statute.

4. WITNESSES. *Husband and wife. Competency. Controversy between husband and wife.*

The rule of the common law, in regard to husband and wife testifying against each other has been modified by statute. Section 1679, Code 1906, provides that in the trial of divorce suits both parties shall be competent witnesses against the other. Section 1916 provides that a husband and wife may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other in all controversies between them.

5. SAME.

Where a husband and father is being tried for vagrancy for failure to support his wife and child, this is in effect a controversy between the husband and wife and is such a controversy as to render the wife competent to testify against her husband.

APPEAL from the circuit court of Clark county.
HON. JOHN L. BUCKLEY, Judge.

R. L. McRae was convicted of vagrancy and appeals. The facts are fully stated in the opinion of the court.

*W. L. Scott,* for appellant.

This appeal presents among other things the following questions:

1.  Is the offense defined in this statute, a continuing offense?

2.  If after one completed act of desertion or abandonment, coupled thereafter, with a failure to support does the statute of limitations of two years begin to run?

3.  Will an abandonment in one beat of a county, coupled to a failure to support in another beat of the same county, support a conviction under this statute, in a prosecution in the latter beat?

4.  Of what does the crime consist, two elements or one?  Viz.: The wilful abandonment, and the leaving without support?  Or does it consist in a mere failure to support?

These are some of the questions presented by this appeal, and as I understand from a research of the Mississippi reports, this is a case of first impression in Mississippi.  There does not seem to be many cases in the reports, directly in point, but below a few are cited which seem, if followed, would settle the question in favor of appellant.

The Alabama statute on this subject is: ''Every ablebodied person who shall quit his home and leave his wife and children without means of subsistence,'' etc.

The Georgia statute on this subject is: ''If any father shall wilfully and voluntarily abandon his child, leaving it in a dependent and destitute condition, he shall be guilty of a misdemeanor,'' etc.

In the case of *Crawley* v. *State,* 41 South. 175 (Ala.), it was held in construing the above statute, that: ''To constitute the offense there must be an actual desertion, followed by a failure or refusal to (support) provide the means of subsistence for the wife and children.  The absence of either would prevent the offense being made out.''

''And after a completed act of desertion there cannot be a new act of quitting his house and leaving his wife

and children without subsistence until a return to the discharge of the marital and parental obligation, and another act of quitting, etc., occurs.''

''It is of no consequence that there are some acts of vagrancy, as defined in the statute, that are of a continuous character. This is clearly not one of them.''

In the case of *Gay* v. *State* (Ga.), 70 Am. St. Rep., 68-74, which is a well considered case, and a very comprehensive opinion, the supreme court of Georgia, in that case reviews at length, the judicial thought along this line, and among other things says: ''Construing the statute in the light of these decisions, it seems to be settled, that to constitute the offense of abandonment, there must be an actual desertion, followed by a refusal to support; and that the absence of either would prevent the offense from being made out. As, after a completed act of desertion, there cannot be a new act of abandonment until a return to the discharge of the parental obligation, there can be no new offense of abandonment until a return, followed by another act of desertion.''

In this opinion, the court cites the case of *Jemmerson* v. *State,* 80 Ga. 111, where a father and husband quit his wife and family in Alabama, and moved to Georgia, and afterwards, the family followed him to Georgia, i. e., they moved also to Georgia and upon his failure to there support them, he was prosecuted under this statute, and the court in that case held: ''Before the state can convict of this offense two things must affirmatively appear: 1. The wilful and voluntary abandonment of the child by its father. 2. The leaving of the child in a dependent and destitute condition. It is not only necessary that these two things should affirmatively appear, but it must also appear that they occurred in this state. And we do not think that the refusal of the father to support the children when notified of their condition by the mother, in this state, subsequent to the abandonment

in Alabama, and the removal of the mother to this state, would be such an abandonment as contemplated by the Code: Code sec., 4373. The abandonment is something more than 'leaving them in a dependent and destitute condition.' It means the forsaking and desertion of the children; the refusal to live where they are domiciled, and to perform the duties of a parent to his offspring.''

Said opinion also cites the case of *Benefield* v. *State*, 80 Ga. 107, where a father carried or caused his family to be carried to another county, and they there became dependent and destitute, the father was held to be guilty of the crime of abandonment in the latter county, because he carried them there, the court saying: ''An examination of this case, we think will show that the act of abandonment under the statute was completed in the latter county, by the father's voluntary removal of his wife and children to that place and leaving them there in such a position that the children became dependent and destitute.''

*Geo. H. Ethridge,* assistant attorney-general, for the state.

Attorney for appellant assigns eight grounds of error on this appeal. Practically all of these assignments of error have been settled by the supreme court in the recently decided, but not yet reported, case of H. S. Vance, which will be reported in 61 So. Rep. This case settles the proposition relied upon mainly by appellant in the trial below that the offense was not a continuing offense, and that it had been barred by the statute of limitations, and also settles the ground that the formal payment of money did not and could not eliminate the obligation of the appellant to support the child.

The *Vance case* settles in this state the doctrine that a failure to support is necessarily a continuing offense, and a new crime is committed on each failure to support, and at any time when appellant had failed to sup-

port, the statute would accrue. I think that there is nothing in the contention of appellant that the court erred in granting any instruction for the state or refusing any for the defendant. If the appellant acquiesced or participated in the settlement of the suit, that was a question for the jury to consider, on testimony, but under the *Vance case* above cited, that would be immaterial because public policy would not permit him to contract away his obligation or liability to support his wife and child at any time they became in need of such support, and all contracts of this character are contrary to public policy, and will not be recognized by the courts.

The only question presented that is worthy, in my opinion, of any discussion involved in this appeal since the Vance case has been decided, is the question as to the wife's competency as a witness. Under section 1679 of the Code of 1906 it would be seen that the wife is clearly competent as to this subject-matter, because this is the subject-matter with which a chancery court in divorce cases hears and determines the custody and support and maintenance of wife and children amongst other things, and it is expressly provided as to this subject-matter in said section that the parties may be competent witnesses for or against each other. If mistaken as to this section's application, it would be an exception to the general rule in which a wife would not be generally competent against her husband under the exceptions recognized under the rules of evidence as to where a wife is the injured party under the authority of *Turner* v. *State,* 60 Miss., 351. There were always exceptions to the general rule growing out of necessity, and the case here falls squarely within the rule of necessity.

It is established in authority that a child born after marriage is presumed to be legitimate. *Herrin* v. *Goodman,* 43 Miss., 393. And antenuptial conception does not defeat the presumption of legitimacy. *Denson* v. *Page,* 29 Pa., 420; 72 Am. Dec., 644.

And neither husband or wife is competent to testify to prove nonaccess to establish illegitimacy of a child born in wedlock, but begotten before. *Dennison v. Page, supra. Bell* v. *Territory,* 8 Okla. 75; 56 Pac. 853. And it is true that even where a wife is shown to have been guilty of illicit intercourse with another during marriage that the legitimacy is conclusively presumed and that the husband had access to the wife. Greenleaf on Evidence, sec. 28; *Egbert* v. *Greenwalt,* 44 Mich. 245; 38 Am. Rep. 260; *Scanlon* v. *Walshe,* 81 Md., 118, 48 Am. St. Rep., 488; 31 Atl. Rep., 498.

In this last case, I quoted the second, third, and fourth syllabi as reported in 48 Atl. Rep. 488: ''Children; Legitimacy; Presumption of: Every child born of a married woman, is presumed to be legitimate. This presumption cannot be rebutted by circumstances which only create doubt or suspicion; but may be removed by proper and sufficient evidence, showing the husband was impotent or entirely absent, so as to have no intercourse with another during the periods when the children must have been begotten, or unless present under such circumstances as afford clear and satisfactory proof that there was no sexual intercourse. Second. Children; Legitimacy; When may not be disproved: Where opportunity for sexual intercourse occurs between husband and wife, and there is no proof of his impotency, no evidence can be admitted to show that another may have been or probably was the father of the wife's children. Fourth. Children; legitimacy: Neither the testimony of the circumstances nor the wife, nor that of her paramour will be received to show that the child born during the marriage was illegitimate if the husband was not impotent, and had opportunity for sexual intercourse with the wife.''

Argued orally by *W. L. Scott* for appellant and *George G. Ethridge* assistant attorney-general for appellee.

Reed, J., delivered the opinion of the court.

R. L. McRae was convicted of vagrancy, consisting of his abandonment of his wife and child, without just cause, leaving them without support. The prosecution was under section 5055, Code of 1906, which prescribes who are vagrants, and subdivision "k" of that section, which declares: "Every person who shall abandon his wife or family, without just cause, leaving her or them without support, or in danger of becoming a public charge." R. L. McRae married Miss Lula Stewart, in Meridian, on February 19, 1909, and on March 30th thereafter a child was born. He lived with his wife until May 12, 1909, when he took her to her father's house and left her. Shortly after the separation he filed suit for divorce, and his wife filed an answer and cross-bill, praying for alimony. At the time of the trial the question of alimony was settled by the payment to Mrs. McRae of two hundred dollars, whereupon she withdrew her objection to the divorce. The chancellor heard the testimony in the case and refused to grant McRae a divorce. In 1911 he was prosecuted under the charge of vagrancy for failure to support his family, and in settlement of his case eight dollars per month for a period of six months was paid for the support of the child.

Appellant contends that the statute of limitations of two years bars the present prosecution. The evidence shows that in 1911 he contributed to the support of his family; that is, he paid a certain amount, which it is stated, was for the support of the child, for a term of six months. Under the facts in this case, we think the trial court did not err in holding that this prosecution was not barred by the statute of limitations. We have recently construed this statute in the case of *Vance* v. *State,* 61 South. 305, and we now make reference to the opinion in that case. We therein held that the failure by the husband and father, who is the head of the family, to support his child, without just cause, is a violation of the statute.

On the trial of the present case, appellant endeavored to prove that the child was not his. It is a general rule of law that a child born after marriage is presumed to be legitimate, and this presumption of legitimacy is not defeated by an antenuptial conception. However, in this case all the facts were properly presented to the jury, and their verdict of guilty resolved the question against appellant.

It is contended by appellant that the court erred in admitting the testimony of Mrs. McRae in this case against her husband. The record shows that no objection was made to Mrs. McRae testifying when she was first introduced on the part of the state, and that she was then cross-examined at some length by attorneys for her husband, the appellant. When she was introduced in rebuttal, after McRae had testified, in which testimony he claimed that he was not the father of the child, and generally attacked the character of his wife, an objection was made to her testifying and a motion was made to exclude her testimony, given upon the first examination, as incompetent, because against her husband. The court overruled the objection and motion. At common law the husband and wife were not competent as witnesses for or against each other. In stating the reason for this rule, George, C. J., in the case of *Byrd* v. *State*, 57 Miss. 243, 34 Am. Rep. 440, delivering the opinion of the court, said: "This incompetency was placed by the court upon two grounds: One, the unity and identity of husband and wife in interest, so that when one was excluded on the ground of interest the other was also excluded; the other had reference to public policy." It has been said that "the rule which excludes husband and wife from testifying against each other rests upon sound reasons of public policy, much broader than that of the mere interest of a witness: The object of the rule is to avoid occasion for domestic dissension and discord, to preserve inviolate that mutual confidence which is essential to the mar-

riage relations, the peace of society, and the social welfare.'' An exception to this general rule under the common law was that a wife is a competent witness against her husband in a prosecution for an assault and battery committed by him on her person. This ancient rule may also be changed by legislative enactment.

Changes have been made in the rule by statutes in this state. For instance, by section 1679 of the Code of 1906, in the trial of suits for divorce, both parties shall be competent witnesses against the other. Another exception is in section 1916, Code of 1906, whereby it is provided that a ''husband and wife may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them.'' The question now presented to us is whether the testimony of Mrs. McRae was admissible under the section last mentioned; that is, whether the present proceeding is a controversy between the husband and wife. In the case of *Vance* v. *State, supra,* we held that the abandonment and failure to support the wife or family, without just cause, is by the statute made a public wrong, remedial in its nature. It is a police regulation, for the purpose of requiring the husband and father, or head of a family, to provide, within his ability, for the support of his wife or family, and so that they will not become a public charge. By section 5058 of the Code of 1906 an offender may be required to enter into bond for his future industry and good conduct for the period of one year. In the present case the affidavit was made by Mrs. McRae, the wife. While she was proceeding under the regulation, as provided by the statute for relief in such cases, yet in effect there is a controversy between the husband and wife. The subject of this controversy is whether the husband shall support his family. We believe that this is such a controversy as to render competent the testimony of the wife in this case.

We do not find any reversible error in the trial of this cause. The testimony was ample to sustain the verdict of conviction by the jury.

*Affirmed.* ·