ERVIN *v.* BASS.

(Division B.   April 8, 1935.)

[160 So. 568.   No. 31653.]

Bidwell Adam and T. J. White, both of Gulfport, for appellant.

**Jo Drake Arrington**, of Gulfport, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee became enceinte in July, 1932. On December 24, 1932, appellee and appellant were ceremonially married; appellant knowing at the time of appellee's condition and that he was the putative father of the unborn child. The child was born on April 5, 1933. On July 1, 1933, the marriage was annulled by a decree of the chancery court, on the ground that the ceremony had been the result of coercion and duress. On December 9, 1933, appellee instituted a bastardy proceeding against appellant, and obtained judgment, from which this appeal is prosecuted.

Conception during wedlock is not essential to the presumption of legitimacy which arises from birth in wedlock. This is true though the birth occurs so soon after the marriage as to render it certain that conception was prior to marriage. The legitimacy of a child born in wedlock though begotten before marriage is founded upon the supposition that it was begotten by the man who subsequently became the husband of the child's mother, more especially when the husband knew of the pregnancy at the time of the marriage, as is the case now before us. 3 R. C. L., p. 730; 7 C. J., pp. 940, 941; McRae v. State, 104 Miss. 861, 869, 61 So. 977.

A marriage, the consent to which has been induced by force or coercion, is not void, but voidable. In consequence it remains of full legal effect and valid for all purposes until dissolved by the decree of a competent court; and such a decree cannot be rendered except during the lifetime of the parties. Ellis v. Ellis, 152 Miss. 836, 842, 119 So. 304. If, therefore, one of the parties die before the decree of dissolution or annulment, the other would be entitled to the rights of inheritance, and all the other rights which follow upon the existence of a valid marital relation. And if such be the legitimate rights following upon death, nonetheless must be the rights of legitimacy consequent upon birth during the existence of the same legal marital relation. It would be an indefensible arbitrariness in judicature which would recognize, under such a state of facts, the legitimacy of the descent of mere property and at the same time deny the legitimacy of the descent of a child born during the existence of the same relation which gave legitimacy to the descent of the property of one or the other of the parties.

We hold, therefore, that a child born during the time that a voidable marriage, as distinguished from one absolutely void, remains in effect is as much entitled to the character of legitimacy as had the marriage been entirely valid, and while in so declaring we follow our own jurisprudence, Amis on Divorce and Separation in Mississippi, section 30; and see, also, Parkinson v. Mills (Miss.), 159 So. 651, we do not depart materially from the general law as reflected by the tendency of modern decisions in other states, although much is found in the older decisions and texts to the contrary.

The decree of annulment should have made proper provision for the support and maintenance of the child, Amis on Divorce and Separation, section 30; and doubtless would have done so had the mother in response to the suit for annulment properly presented that question to the

court. She could not omit to do so, and afterwards institute a proceeding in bastardy; for in order to maintain that sort of proceeding there must be a bastard, section 179, Code 1930, whereas the child here involved is a legitimate child. We express no opinion as to whether there yet remains to her a remedy against the father for the support and maintenance of the child.

Reversed and dismissed.