## BASS *v.* ERVIN.

(Division A.    Nov. 16, 1936.)

[170 So. 673.    No. 32392.]

**Jo Drake Arrington,** of Gulfport, for appellant.

48

**T. J. White** and **C. B. Adam,** both of Gulfport, for appellee.

Argued orally by **Jo Drake Arrington,** for appellant, and by **T. J. White,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

Appellant, Betty Bass, exhibited her amended bill against the appellee, John Edward Ervin, by which she sought to recover from the appellee support, and physicians' bills incurred and expended by her, for the maintenance of their minor child, Fred Edward Ervin. The bill alleged that the child was born on the fifth day of

April, 1933, while appellant and appellee were legally married and in law husband and wife, and that the child had been in the custody of its mother since its birth. It was further alleged that the marriage was annulled on July 1, 1933, and that since the birth of the child appellant had made certain arrangements with her parents for the support of the child, and had made payments on that contract, but that she herself was poverty-stricken, as were her parents, and that she was unable to pay an adequate amount for the support of the child.

The bill further alleged that there was a bastardy proceeding before a justice of the peace on December 9, 1933, and that said cause was appealed to the circuit court, where a judgment was rendered against the appellee, ordering him to pay the sum of fifteen dollars monthly as sued for, for the support of the child as an illegitimate until he became eighteen years of age; and further that this cause was appealed to the Supreme Court, being reported in Ervin v. Bass, 172 Miss. 332, 160 So. 568.

The account is itemized, and it is unnecessary to detail the items here.

The prayer of the bill is that a decree be rendered against the appellee, the father of the said child, for its support and maintenance, and for an order fixing the future support of said child.

To this bill, appellee filed a plea of res adjudicata. In brief, it sets up the pleadings and decree in the annulment case, dated July 1, 1933, as establishing that the decree of annulment there rendered, on the ground of duress and coercion, adjudicated that the child, whose support is here sought to be enforced, was illegitimate; and further that, no petition or request having been made to the court in the annulment proceedings for its support, the appellant, the mother of the child, at a subsequent date, had waived any right to ask for its support and now have same granted.

It may be assumed, without setting forth the decree, that the decree in the annulment proceeding was to the

effect that the marriage had between the parties was the result of coercion and duress, and was void ab initio as between them.

Without regard to whether the plea as filed may be treated as an answer, we shall proceed to decide the case on the merits as to the plea. The court below held that, because in appellant's answer to the bill for annulment it was averred that, if such decree was granted, her child would thereby become an illegitimate child, and because she did not in that proceeding present any request to the court for the support of this child, thereby she had waived her right in a subsequent proceeding to maintain a bill for that purpose. From the decree sustaining appellee's plea to the bill of appellant for the support of her child, appeal to this court is made by the appellant.

On consideration of the proceeding in bastardy between the same parties in this court, the law applicable to this case, and all others similar, was settled. It was held that, where the putative father of an unborn child married the woman during her pregnancy with knowledge thereof, and during their wedlock the child was born, the legitimacy of the child was established upon this truth during wedlock, and a subsequent decree of annulment on the ground of coercion did not render the child illegitimate; that a marriage, the consent to which has been induced by coercion and duress, is not void, but voidable; and that the marriage remained valid for all purposes until dissolved by a decree of a competent court. See Ervin v. Bass, 172 Miss. 332, 160 So. 568. We do not consider that case from the standpoint of the law of the case, but upon the rule of stare decisis it happens that the facts are the same as presented by the plea of res adjudicata in this case. We are not here concerned as to the effect of the annulment decree upon the wife and husband, but rather its effect upon this infant; and we think the court emphatically settled that the decree did not and could not declare a child born in wedlock under the circumstances herein stated illegitimate. If this

child was legitimate on the 30th day of June, 1933, then it so continues throughout the ceaseless ages of eternity. Once legitimate always legitimate.

In the case of Ervin v. Bass, supra, it was held that bastardy proceedings could not be maintained for the reason a child born in wedlock was not a bastard, but a legitimate child. It was further held therein that proper provision for the support and maintenance of the child should have been made in the decree of annulment. The question of the support of the child was not presented to the chancery court in the annulment proceedings. In that case the court cited Amis on Divorce and Separation in Mississippi, sec. 30, which is, in effect, that proceedings in annulment for support and alimony are controlled by our procedure on divorce. In the case of Sims v. Sims, 122 Miss. 745, 85 So. 73, this court held that the wife is not entitled to temporary alimony unless it appears at least prima facie that the marriage is valid. We cite that case as evidencing the procedure adopted by the courts of this state.

Presumptively, then, Ervin is the father of this child, and is primarily liable for its support, the mother being liable secondarily. There was a ceremonial marriage, as alleged. In the cases of Lee v. Lee, 135 Miss. 865, 101 So. 345, and Schneider v. Schneider, 155 Miss. 621, 125 So. 91, 92, this court held in the latter case that, "where a decree of divorce accorded the custody of the minor children to the wife, but made no provision for their support, it is still the duty of the father to support them, unless, under the law, there is some reason why he should be relieved therefrom, and where the mother furnishes their support, and no such reason exists, the father becomes her debtor to that extent, for which debt she may recover against him." And this is true even if the mother failed to have allowance made on the hearing of the decree for divorce. In Russell v. Russell, 170 Miss. 364, 154 So. 881, where there had been an allowance for support of the child, this court permitted

the mother to recover for unusual and extraordinary expenses incurred in surgeons' and hospital bills furnished the child during a serious illness as unusual and extraordinary expenses incurred during the pendency of that appeal. Recovery was there allowed in a court of law; and it was held that the order of allowance made in the original decree was not res adjudicata of the unusual and extraordinary expenses. We are, therefore, of the opinion that the failure of the mother on the hearing of the annulment proceedings to petition for the support of her child did not release or exonerate the father from the support of the child; and that its support, as a matter of public policy, could not be waived, and that the mother, the same as a stranger, upon a proper case, can recover the necessary and proper expenditures for the support of the child, which in this case has been adjudged by this court to be a legitimate child. The plea of res adjudicata should have been overruled, and the case should be heard upon its merits.

We have not here considered the items of the account as presented in the amended bill, but have simply disposed of the case upon the plea of res adjudicata, there being no other question before us.

Reversed and remanded.