## Miller *v.* Lucks *et al.*

(In Banc.   June 14, 1948.)

[36 So. (2d) 140.   No. 36709.]

Jackson, Young, Daniel & Mitchell, of Jackson, for appellant.

826

Creekmore & Creekmore and **Howie, Howie & McGow-an,** all of Jackson, for appellee.

830

Argued orally by **Joe H. Daniel,** for appellant, and by **Rufus Creekmore,** for appellee.

**Sydney Smith, C. J.,** delivered the opinion of the court.

The appellees filed a petition in the court below seeking to be declared sole heirs at law of of Pearl Mitchell Miller, a Negro woman who died in Chicago, Illinois, intestate as to property owned by her in Mississippi described in the petition. Pearl Mitchell Miller left no heirs at law other than the appellees, except her husband, Alex D. Miller, a white man, to whom she was legally married in the State of Illinois. Alex Miller appeared and by an answer and cross-bill asserted that he was the sole heir at law of Pearl Mitchell Miller, and that the appellees or some of them have been in possession of the property receiving and appropriating rents therefrom, and prayed that he be declared the sole heir at law of Pearl Mitchell Miller and for an accounting from the appellees for the rents received by them from the property. The final

decree granted the prayer of the appellees and dismissed the cross-bill of the appellant.

It appears from the record that Pearl Mitchell and Alex D. Miller were citizens of the State of Mississippi in and prior to November, 1923, when they were indicted in the Circuit Court of the First Judicial District of Hinds County for unlawful cohabitation, but that the case was nol prossed by the District Attorney on the agreement of Pearl to leave the state, which she did, moving to Chicago, Illinois, in December, 1923, as did Alex Miller in January, 1924, where they lived continuously until Pearl's death in September, 1945, and where Alex Miller still lives. In July, 1939, after they had become citizens of the State of Illinois and owed no allegiance to the State of Mississippi, they were legally married in Chicago, according to the law of Illinois, and thereafter lived together as husband and wife. No children were born of this marriage.

Section 263 of our State Constitution provides that "the marriage of a white person with a negro or mulatto, or person who shall have one-eighth or more of negro blood, shall be unlawful and void."

Section 459, Code of 1942, provides that "the marriage of a white person and a negro or mulatto or person who shall have one-eighth or more of negro blood . . . shall be unlawful, and such marriage shall be unlawful and void; and any party thereto, on conviction, shall be punished as for marriage within the degrees prohibited by the last two sections; and any attempt to evade this and the two preceding sections by marrying out of this state and returning to it shall be within them."

These sections of the Constitution and Statute, of course, have no extra-territorial effect and this marriage being valid in Illinois, where contracted, must be recognized and given effect as such unless so to do violates this statute or the state's public policy as declared therein. Neither of the parties to this marriage returned to Mississippi after they left the State, and there is nothing

in the record indicating that they had any intention of so doing, so that no violation of the statute appears, but if to here recognize this marriage as valid would violate the purpose for which the Constitution and Statute were enacted, the law of comity does not require us to so recognize or give any effect to it. The manifest and recognized purpose of this statute was to prevent persons of Negro and white blood from living together in this state in the relationship of husband and wife. Where, as here, this did not occur, to permit one of the parties to such a marriage to inherit property in this state from the other does no violence to the purpose of Sections 263 of our Constitution and 459 of the Code of 1942. What we are requested to do is simply to recognize this marriage to the extent only of permitting one of the parties thereto to inherit from the other property in Mississippi, and to that extent it must and will be recognized. This is in accord with the holdings of courts of other states faced with this Negro problem, particular reference being here made to Whittington v. McCaskill, 65 Fla. 162, 61 So. 236, 44 L. R. A. (N. S.) 630, Ann. Cas., 1915B, 1001, and Caballero v. Executor, 24 La. Ann. 573. The annotation to Toler v. Oakwood Smokeless Coal Corp., 127 A. L. R., beginning at page 437, is very illuminating here.

Pearl Mitchell Miller left quite a bit of property in Illinois, in addition to that here in question, which she devised and bequeathed to her husband, Alex Miller. One clause of her will is as follows: ''It is my wish that my said husband is to have no other claim, right or title to any other property that I may own in the United States except the property specifically mentioned and described in this will.''

One of the appellee's contentions in the court below was this clause of the will prevented Alex Miller from inheriting the property here in question, but no such contention is made by them in this Court.

The court below should have denied the prayer of the appellee's petition and granted that of the appellant's cross-petition, including an accounting for the rents collected by the cross-defendants on the property.

Reversed and remanded.