STANFORD *v.* STANFORD, et al.

Dec. 7, 1953

No. 38968          45 Adv. S. 93          68 So. 2d 275

*Ray M. Stewart,* Picayune, for appellant.

238

*Morse & Morse,* Poplarville, for appellees.

KYLE, J.

This case is before us on appeal by Jane Ann Stanford, a minor, from a judgment of the Circuit Court of Pearl River County reversing an order of the Workmen's Compensation Commission awarding to the appellant death benefits as a minor child of R. W. Stanford, deceased.

R. W. Stanford died on November 3, 1951, as a result of accidental injuries sustained by him while he was engaged in the performance of his duties as a truck driver for Charles J. Smith. It is admitted that the decedent's injuries arose out of and in the course of his employment, and that his average weekly wages at the time of his injury amounted to $52.00 per week.

The decedent left surviving him a wife, Mrs. Marjorie Stanford, and three small children, all of whom were living with the decedent at the time of his death and were dependent upon him for financial support. Claims for death benefits under the Mississippi Workmen's Compensation Act were filed with the Workmen's Compensation Commission on behalf of the widow and the above mentioned three minor children, who were all children born of the marriage of the decedent to the said Mrs. Marjorie Stanford, and said claims were allowed by the attorney-referee and the Commission.

A claim for death benefits was also filed on behalf of another child, Jane Ann Stanford, who was alleged to be a legitimate dependent child of the decedent by a former marriage. Jane Ann's claim was denied by the attorney-referee, but the order of the attorney-referee denying Jane Ann's claim was reversed by the full Commission, and compensation was awarded to her also as a dependent child of the decedent.

The claim of Jane Ann Stanford for death benefits as a dependent child of the decedent was based upon the following facts: Jane Ann Stanford was born on March 4, 1945. Her mother was Estella Rowell, who at the time of Jane Ann's birth was an unmarried woman. The birth certificate of the child was prepared by Dr. H. B. Cowart from information furnished by the child's mother, and the certificate showed that the father of the child was R. W. Stanford, and that the full name of the child was Jane Ann Stanford. Four days after the birth of the child a ceremonial marriage was performed between

Estella Rowell and R. W. Stanford at the home of Estella's mother while Estella was still confined to her bed. The ceremony was performed by a duly licensed and ordained minister of the gospel in the presence of Estella's mother and Estella's brother. On the following day Stanford stated to the minister that the child was his child, but he did not intend to live with Estella. There was also proof to the effect that Stanford on numerous occasions acknowledged to Estella and her mother that he was the father of the child.

On May 10, 1945, R. W. Stanford filed a bill in the Chancery Court of Pearl River County against Estella Rowell seeking to have the purported marriage contract annulled on the grounds of duress. The complainant alleged in his bill as grounds for annulment of the purported marriage that he had been forced to enter into the marriage contract by threats made against him by Estella's brother, and that he had entered into the marriage contract as a result of said threats and the duress imposed upon him as described in the bill of complaint. The defendant, Estella Rowell, answered the bill and filed with her answer a cross-bill asking for support and maintenance. On October 16, 1945, the cause was heard before the chancellor and a final decree was entered annulling the marriage. The decree recited that the proof offered by the complainant fully supported the allegations of the bill, and that the complainant was entitled to the relief prayed for both on the law and the facts. The decree recited that the parties had compromised and settled all claims for alimony or suit money; and no alimony or suit money was allowed.

The attorney-referee found that R. W. Stanford had in fact paid to Estella the sum of $250, and that nothing further was expected, demanded or paid; that Stanford never lived with Estella and the child; and that each of the parties to the annulment proceeding had contracted a subsequent marriage. The attorney-referee also found

that Jane Ann Stanford had lived continuously with her mother and had never received any support from R. W. Stanford.

The attorney-referee was of the opinion that Jane Ann Stanford, as a result of the marriage ceremony performed on March 8, 1945, was the legitimate child of the decedent, within the scope and meaning of Section 474, Mississippi Code of 1942, and that the decree of the chancery court annulling the marriage did not change the status of the child as an acknowledged legitimate child of the decedent. But the attorney-referee found that Jane Ann Stanford was not dependent in fact upon the decedent; and the attorney-referee denied her claim.

The Workmen's Compensation Commission, upon its review of the findings of the attorney-referee, amended the order of the attorney-referee allowing the claims of Mrs. Marjorie Stanford and her three children, and allowed the claim of Jane Ann Stanford also. Mrs. Marjorie Stanford and her three children thereupon appealed the case to the circuit court, alleging as grounds for said appeal that the Commission erred in awarding compensation benefits to Jane Ann Stanford as a dependent minor child of the decedent; and the circuit court reversed the order of the Commission and entered a judgment denying the claim of Jane Ann Stanford for compensation benefits.

The appellant's attorneys argue two points as grounds for reversal on this appeal: (1) That the circuit court erred in reversing the finding of the Workmen's Compensation Commission that Jane Ann Stanford was the legitimate child of R. W. Stanford, deceased; and (2) that the court erred in reversing the finding of the Commission that Jane Ann Stanford was a dependent child of the deceased and entitled to compensation benefits as such.

The appellant's attorneys base their argument in support of their first contention upon Section 474, Mississippi Code of 1942, which provides as follows:

"Section 474. Descent among illegitimates.—If any man beget a child or children by a woman whom he shall afterward marry, such child or children, if acknowledged by the man, shall, in virtue of such marriage and acknowledgment, be legitimate, and capable in law to inherit and transmit inheritance as if born in wedlock."

It is contended that the proof shows that the child Jane Ann Stanford was begotten by R. W. Stanford, the deceased; that the deceased afterwards married Jane Ann's mother; that the deceased acknowledged verbally to the Reverend W. E. Hennes, and also Mrs. Sarah Rowell and the child's mother, that the child was his child; and that those facts were sufficient to establish Jane Ann's claim to compensation benefits as a legitimate child of the deceased.

But the contention thus made cannot be sustained for the reason that the alleged marriage, upon which the appellant must rely, was annulled by a formal decree of the chancery court on the ground that it had been entered into as a result of coercion and duress. Consequently there was no valid marriage between Jane Ann's mother and the deceased to support the claim of legitimation under the above mentioned statute. The record shows that the parties never lived together as man and wife, and the decree of annulment rendered the alleged marriage void ab initio. Re: Moncrief, 235 N. Y. 390, 139 N. E. 550, 27 A. L. R. 1117. Nor can the appellant's claim be sustained under the provisions of Section 2744, Code of 1942. Section 2744 covers only children begotten between the parties during lawful marriage; and it is not claimed here that Jane Ann was begotten during the time of the alleged marriage.

The appellant's attorneys, however, cite in support of their contention that Jane Ann's legitimation was not

affected by the decree of annulment, the case of Bass v. Ervin, (Miss.), 170 So. 673. But in the Bass case the putative father had married the child's mother during her pregnancy and with knowledge thereof, and the child was born after the marriage; and the Court in that case merely applied the well established principle of law that every child born in wedlock is presumed to be legitimate. The Bass case was before this Court on two appeals. In its opinion on the first appeal, the Court said: "Conception during wedlock is not essential to the presumption of legitimacy which arises from birth in wedlock. This is true though the birth occurs so soon after the marriage as to render it certain that conception was prior to marriage. The legitimacy of a child born in wedlock, though begotten before marriage, is founded upon the supposition that it was begotten by the man who subsequently became the husband of the child's mother, more especially when the husband knew of the pregnancy at the time of the marriage, as is the case now before us. 3 R. C. L., p. 730; 7 C. J., pp. 940, 941; McRae v. State, 104 Miss. 861, 869, 61 So. 977." Ervin v. Bass, 172 Miss. 332, 160 So. 568.

In the Bass case the Court held that the decree of annulment did not affect the legitimacy of a child born during wedlock. But Jane Ann Stanford was not born during wedlock, and for that reason the decision in the Bass case is not controlling in this case.

As to the second point argued by the appellant's attorneys, we think that there was no error in the action of the circuit court in reversing the finding of the Commission that Jane Ann Stanford was a dependent child of R. W. Stanford, deceased.

The word "child" as defined in the Workmen's Compensation Act as follows: " 'Child' shall include a posthumous child, a child legally adopted prior to the injury of the employee, a child in relation to whom the deceased employee stood in the place of a parent for at least one

year prior to the time of injury, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him." Section 6998-02 (12), Miss. Code of 1942.

■■■ As we have stated above, Jane Ann Stanford was not a legitimate child of the deceased. She was therefore not entitled to death benefits under the Mississippi Workmen's Compensation Act, unless she could show by competent evidence that she was an "acknowledged illegitimate child dependent upon the deceased." It is not necessary that we discuss at length the question whether the testimony referred to by the attorney-referee in his findings to the effect that "R. W. Stanford acknowledged to Reverend Mr. Hennes that the said child was his, but that he did not intend to live with Estella," and that "he admitted and acknowledged to Estella Rowell and her mother, Mrs. Sarah Rowell, on numerous occasions that he was the father of said child," was sufficient to show that Jane Ann was an "acknowledged illegitimate child" of the deceased. No proof was offered to show that she was "dependent upon the deceased." The proof, on the contrary, showed that Jane Ann was not dependent upon the deceased for financial support. Jane Ann's mother testified that she and the deceased never lived together after the marriage ceremony was performed, and that the deceased never contributed anything to the support of the child. She stated that the $250 paid to her by the deceased at the time the annulment suit was tried was not for the support of the child—"that was for me to give him a divorce."

■■■ "Dependency in fact must be established in order to qualify for death benefits in all cases except those involving a conclusive presumption of dependency." Larson's Workmen's Compensation Law, par. 63.00.

The appellant's attorneys argue that there was a legal and moral obligation on the part of the deceased to sup-

port the child; and this may be true. But the statute clearly indicates that, in the case of an acknowledged illegitimate child, the proof must show that the child was dependent in fact upon the deceased. ██ ██ "On the precise issue whether legal obligation to support can alone ground a finding of dependency, the general rule is that it cannot. There must be either actual support or some reasonable expectation that the legal obligation will be met." Larson's Workmen's Compensation Law, par. 63.31. ██ ██ The proof in this case showed that the child had never received any financial support from the deceased; and it is clear that there was no reasonable expectation that such support would be provided in the future.

For the reasons stated above, the judgment of the circuit court denying the claim of Jane Ann Stanford for compensation as a dependent minor child of the deceased, is affirmed, and the cause is remanded to the circuit court.

Affirmed and remanded.

*Roberds, P. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.