## GRAHAM *v.* STATE

No. 43193 November 2, 1964 168 So. 2d 496

*Lawrence D. Arrington,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

The principal question for our decision in this case is: Is a wife a competent witness before the grand jury investigating a charge that the husband had incestuous relations with their minor daughter? We hold the wife is a competent witness against her husband when he is charged with incest with his and his wife's minor daughter.

Appellant was indicted, tried and convicted of having incestuous relations with his minor daughter. The evidence was ample to justify a verdict of guilty; indeed, there was no denial by appellant.

In a motion for a new trial appellant contended that the indictment was void because the wife appeared before the grand jury and gave testimony touching the charge then pending against appellant. It was alleged that this fact was unknown to appellant or his counsel until after the return of the verdict. We assume, with-

out deciding, that the question of the competency of the wife as a witness was properly raised below. We also assume, without deciding, that the same rule applies concerning the competency of the wife as a witness against her husband whether the testimony is before the grand jury or on the trial under the indictment.

This question involves Mississippi Code Annotated section 1689 (1956), which provides as follows: ''Husband and wife may be introduced by each other as witness in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. *A criminal prosecution of either husband or wife for contributing to the neglect or delinquency of a child or desertion or nonsupport of children under the age of sixteen (16) years or abandonment of children shall be deemed controversies between husband and wife for the purpose of this section.* But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both.'' (Emphasis supplied)

That part of the statute in italics was added by Chapter 236, Laws of 1954.

 The statute is a partial codification of the common law rule that husband and wife are not competent witnesses against each other. The reason for the common law rule was, and the object of the statute is, to avoid occasion for domestic dissension and discord, and to preserve inviolate that mutual confidence which is essential to the marriage relation, the peace of society, and the social welfare. McRae v. State, 104 Miss. 861, 61 So. 977 (1913). *McRae* was decided before the amendment of 1954, and at that time the only cases in which a husband or wife was competent to testify against each other were controversies between them. McRae was

charged with vagrancy by abandoning his wife and child without just cause, leaving them without support. His wife testified against him and the court held she was competent because the controversy was, in effect, between the husband and wife. Thus the court recognized a necessity existed for the testimony of the wife in order to enforce a remedial statute, the purpose of which was to require the father to support his family.

The purpose of the 1954 amendment was to further extend the area wherein husband and wife could testify against each other in order to effectively enforce the criminal laws enacted for the purpose of protecting the marital status. Under the 1954 amendment to section 1689, husband and wife are competent to testify against each other in prosecutions for contributing to the neglect or delinquency of a child. The crime of incest involves contributing to the delinquency of a child.

We are of the opinion that under the 1954 amendment husband and wife are competent witnesses against each other in all prosecutions within the general classes of crimes therein described. It cannot be successfully argued that incest with appellant's minor daughter was not a crime contributing to the delinquency of said child.

The other assignment of error does not warrant discussion.

Affirmed.

*Kyle, P. J., and Ethridge, Brady and Patterson, JJ.,* concur.