612 So.2d 1141 (1993)
Harvey Lee TURNER, William Lee Turner, Thelma Marie Turner Boutwell, Jess Lee Turner, Doris Lee Turner Kriz and Bennie Golden Turner, Jr.
v.
Edeltraut Irmgard TURNER.
No. 90-CA-1101.
Supreme Court of Mississippi.
February 4, 1993.
*1142 Leon Mangum, Decatur, for appellants.
Robert M. Logan, Jr., Logan & May, Newton, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and BANKS, JJ.
SULLIVAN, Justice, for the Court:
Bennie Golden Turner, Sr.'s first wife was Shigeko Toyoshima, a Japanese citizen, and from his marriage to her, six children were born, namely, the appellants in this cause: Harvey Lee Turner, William Lee Turner, Thelma Marie Turner Boutwell, Jess Lee Turner, Doris Lee Turner Kriz, and Bennie Golden Turner, Jr. The marriage to Shigeko ended in divorce.
Thereafter, Bennie Turner married Edeltraut Irmgard Turner in South Carolina. From the marriage to Edeltraut three children were born, namely: Michael Carl Turner, Diane Edeltraut Turner and Robert Steve Turner. The marriage to Edeltraut ended with the death of Bennie on February 8, 1988.
Subsequently, Edeltraut sought an adjudication of her heirship at law to the estate of Bennie, which she filed in the Newton County Chancery Court. Bennie's children by Shigeko, filed an answer admitting that all nine children were heirs at law, but contending that Edeltraut was neither Bennie's heir at law nor his widow. They argued that Edeltraut was not a United States Citizen and therefore could not consummate a legal marriage and fraudulently and unlawfully obtained the marriage license used by their father and Edeltraut in South Carolina.
All parties stipulated that Bennie and Edeltraut cohabitated as husband and wife and held themselves out to the general public as a married couple until Bennie's death. The parties stipulated that Edeltraut was unaware that the application for a marriage license indicated that both applicants were U.S. citizens.
Chancellor Howard David Clark concluded that, at the time of the marriage, Bennie was a citizen of the United States and that Edeltraut was a German citizen. The chancellor found that there was no authority cited to substantiate the argument that foreign citizens can not legally marry citizens of the United States. The chancellor concluded that the marriage between Bennie and Edeltraut was lawful and valid under South Carolina law, and he therefore recognized it as a valid marriage in the State of Mississippi. Edeltraut was therefore declared the widow and heir at law of the deceased, Bennie Turner, Sr.
Turner's children by his first marriage have perfected a timely appeal to this Court and assign one error:
I. The Chancery Court of Newton County was manifestly in error in determining Edeltraut Irmgard Turner to be the Widow and Heir at law of Bennie Golden Turner, deceased, and the marriage of Edeltraut Turner and Bennie Turner, Sr. was not legal, as Edeltraut was not an American citizen; moreover, the marriage license procured in Dillion County, South Carolina was fraudulently obtained by Edeltraut Turner.

WAS THE CHANCELLOR MANIFESTLY WRONG IN DETERMINING THAT EDELTRAUT TURNER WAS THE WIDOW AND HEIR AT LAW OF BENNIE TURNER, AND THAT THEIR MARRIAGE WAS VALID AND LAWFUL, AND NOT OBTAINED THROUGH FRAUDULENT MEANS?
The appellants contend that the law of this state requires a marriage license to be duly issued before a marriage shall be contracted or solemnized. They also claim that South Carolina law also requires, under oath, a statement from both parties which says that each of the parties is legally entitled to marry.
They contend that Edeltraut was not a resident of South Carolina, as stated on the marriage certificate, nor was she a citizen of the United States. They therefore, claim that Edeltraut was not legally capable *1143 of marrying in South Carolina. Furthermore, they claim that, had she told the truth, she would have lacked the legal capacity to be married in the State of Mississippi.
The appellants argue that Edeltraut was an alien, and the law is well settled in this state that an alien can not own land by descent and distribution. They aver that Edeltraut was never naturalized as an American citizen and remains an illegal alien to this day.
According to the appellants, there are three fundamental requirements for a valid ceremonial marriage:
(1) the parties must have the legal capacity to contract a marriage;
(2) they must voluntarily assent to entering into the marital relationship; and
(3) there must be at least substantial compliance with statutory requirements as to formalities of a ceremonial marriage.
Edeltraut contends that her stepchildren have failed to cite any legal authority to support their contention that those who lack American citizenship do not have the legal capacity to marry. She argues that this Court has often stated that arguments not supported by legal authority must not be considered. R & S Development, Inc. v. Wilson, 534 So.2d 1008 (Miss. 1988).
Edeltraut further contends that, in light of the fact that at the time of her marriage to Bennie she could barely speak English and could not read English, it is therefore preposterous to contend that Bennie Turner could not have known that she lacked "American" citizenship. She also argues that, had Bennie been defrauded during his lifetime, he could have raised this issue prior to death because it would not survive him. See Ervin v. Bass, 172 Miss. 332, 336, 160 So. 568 (1935).
Edeltraut also cites Ervin for the following:
a marriage, the consent to which has been induced by force or coercion, is not void, but voidable. In consequence it remains of full legal effect and valid for all purposes until dissolved by the decree of a competent court; and such a decree cannot be rendered except during the lifetime of the parties. Ellis v. Ellis, 152 Miss. 836, 119 So. 304.
Edeltraut contends that all the statutory prerequisites for a valid marriage were met, and during their twenty-six years of marriage, no question of the marriage's validity was ever raised either by herself or by Bennie. She points out that this state must recognize a marriage solemnized under the laws of a sister state. Miller v. Lucks, 203 Miss. 824, 36 So.2d 140 (1948).
She further argues that for the first time her stepchildren have raised on appeal Miss. Code Ann., § 89-1-23 (1972) as Amended, arguing that an alien can not inherit land in Mississippi.
Edeltraut's stepchildren fail in their citizenship attack. First they do not cite any case law or statutory authority which as a prerequisite to a valid marriage, requires that both parties must be citizens of the United States. We have previously stated that a failure to cite any authority in support of an assignment of error precludes us from considering the claim on appeal. R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1023 (Miss. 1990).
Miss. Code Ann., § 89-1-23, states:
resident aliens may acquire and hold land, and may dispose of it and transmit it by descent, as citizens of the state may. Except as otherwise provided in this section, nonresident aliens shall not hereafter acquire or hold land, but a nonresident alien may have or take a lien on land to secure a debt, and at any sale thereof to enforce payment of the debt may purchase the same ...
As can be seen from the plain language of the code, the appellants can find no comfort there.
More to the point, however, is that this issue was not raised before the chancellor and is raised for the first time in this Court, and it is well settled that we will not consider issues that were not raised in the trial court. Crenshaw v. State, 520 So.2d 131, 134 (Miss. 1988).
*1144 It is equally well settled that we will not reverse a chancellor's findings, be they of ultimate fact or evidentiary fact where there is substantial evidence supporting those findings. Cooper v. Crabb, 587 So.2d 236, 239 (Miss. 1991).
For the reasons set forth above, the judgment of the chancellor that Edeltraut Irmgard Turner is the widow and heir at law of Bennie Turner, Sr., is affirmed.
Edeltraut furthermore argues to this Court that the attack on the validity of her marriage has caused her great emotional pain. Edeltraut argues that this claim was inspired by greed and spite, and based on Miss.Sup.Ct.R. 38, claims that she is deserving of damages and attorney fees against the appellants.
Our Rule 38 states that in a civil case, if we shall determine that an appeal is frivolous we shall award just damages and single or double costs to the appellee. Edeltraut's claim is not supported by anything beyond her own opinion. She has not shown how the appeal was frivolous nor has she pointed out any legal authority to guide us in interpreting her claim. We decline to consider it.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, ROBERTS and SMITH, JJ., concur.