910 So.2d 1135 (2005)
Rosalyn M. WESTBROOK, Appellant,
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2003-CC-02414-COA.
Court of Appeals of Mississippi.
March 22, 2005.
*1136 Rosalyn M. Westbrook, Appellant, pro se.
Albert Bozeman White, Madison, attorney for appellee.
*1137 Before BRIDGES, P.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. On December 30, 2002, Rosalyn Westbrook filed with the Mississippi Employment Security Commission (MESC)[1] her initial claim for unemployment benefits. She was paid benefits for the period of January 11, 2003 through January 25, 2003. However, on January 30, 2003, Westbrook was notified by MESC that she had been paid unemployment benefits in error, because she voluntarily quit her job without good cause under the law. On February 14, 2003, Westbrook and the employer participated in an appeals hearing before the appeals referee for MESC. On February 26, 2003, the appeals referee found that Westbrook was disqualified from receiving benefits, had been paid benefits while so disqualified, and should, therefore, be required to repay the benefits that she had received in error, while disqualified.
¶ 2. On March 3, 2003, Westbrook appealed to the Board of Review of MESC. The Board of Review adopted the findings of fact and conclusions of law of the appeals referee, and on April 3, 2003, the Board of Review affirmed the referee's decision. On April 8, 2003, Westbrook appealed to the Circuit Court of Clay County, and on July 28, 2003, the Circuit Court affirmed the decision of the Board of Review. Aggrieved by this decision, on September 8, 2003, Westbrook filed a letter that was accepted by the clerk as a notice of appeal to the supreme court. She raises the following single issue:
DID THE CIRCUIT COURT ERR IN AFFIRMING THE DECISION OF THE BOARD OF REVIEW OF MESC?
Finding no error, we affirm the judgment of the circuit court.

FACTS
¶ 3. From January 1, 2002 through roughly October 30, 2002, Westbrook was employed by Service Zone. There was some indication that Westbrook quit this job earlier on September 19, 2002; however, her initial claim for benefits states that her employment with Service Zone ended on October 30, 2002. Whichever of these dates is correct, the outcome of this case would be the same. She left her employment with Service Zone and moved to Georgia in order to pursue educational opportunities. For a short time in Georgia, she worked for Bath and Body Works, but she was laid off after a little over a month's time. She returned to Mississippi and filed for unemployment benefits. She was initially granted benefits based upon her wages from Service Zone, and she received three payments of $157 from January 11, 2003 to January 25, 2003. Thus, the total amount in benefits paid was $471. Upon learning that Westbrook had voluntarily quit her job with Service Zone in order to pursue educational opportunities, MESC notified her that she was ineligible to receive benefits and that she would be required to repay the benefits she had ineligibly received. Westbrook then began the hearing and appeals process that eventually led to this present appeal.

STANDARD OF REVIEW
¶ 4. Our standard of review of decisions of MESC has been stated as follows:
Miss.Code Ann. § 71-5-531 governs the standard of review for appealing the MESC Board of Review decision to the *1138 circuit court and the Mississippi Supreme Court. Judicial review is limited to questions of law: In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. Miss.Code Ann. § 71-5-531; Barnett v. Miss. EDP. Sec. Common, 583 So.2d 193, 195 (Miss.1991). The Board's findings of fact are conclusive if supported by substantial evidence and without fraud. Richardson v. Miss. EDP. Sec. Common, 593 So.2d 31, 34 (Miss.1992); Ray v. Bivens, 562 So.2d 119, 121 (Miss. 1990); Melody Manor, Inc. v. McLeod, 511 So.2d 1383, 1385 (Miss.1987).
Hoerner Boxes, Inc. v. Mississippi Employment Sec. Com'n, 693 So.2d 1343, 1346-47 (Miss.1997).
¶ 5. Thus, our standard of review is very deferential and limited, and, in the absence of fraud, we will only reverse the Board of Review of MESC when its decision is not supported by substantial evidence. Id. There is no indication in the present case that the Board of Review's findings were the result of fraud; therefore, we review the record to determine whether there is substantial evidence to support the Board of Review's findings.

DISCUSSION
¶ 6. Before going any further, we note that Westbrook's notice of appeal was not filed within the time frame set forth in Rule 4(a) of the Mississippi Rules of Appellate Procedure. Rule 4(a) of the Mississippi Rules of Appellate Procedure declares that the notice of appeal must be filed within thirty days of the entry of the final judgment, and Rule 2(a) of the Mississippi Rules of Appellate Procedure provides for mandatory dismissal of an appeal that is not timely filed. Moreover, we have held that this time requirement is jurisdictional and will be strictly enforced. Bank of Edwards v. Cassity Auto Sales, Inc., 599 So.2d 579, 582 (Miss.1992). In short, pursuant to Rules 2(a) and 4(a) of the Mississippi Rules of Appellate Procedure, we will not consider an appeal that is not timely filed.
¶ 7. In the present case, the final judgment of the circuit court was entered on July 28, 2003. Westbrook filed her notice of appeal on September 8, 2003, roughly forty-two days after the entry of the final judgment. Therefore, Westbrook's appeal was not timely filed, and we could dismiss this appeal and affirm the judgment of the circuit court for that reason alone.
¶ 8. However, we will briefly note two other circumstances that prompt us to affirm the judgment of the circuit court. First, Westbrook cites to no authority in support of her arguments on appeal. We have long held that we need not consider arguments on appeal that are not supported by legal authorities. Lauro v. Lauro, 847 So.2d 843, 851(¶ 21) (Miss.2003); Jones v. Howell, 827 So.2d 691, 702(¶ 40) (Miss.2002); Turner v. Turner, 612 So.2d 1141, 1143 (Miss.1993); Pate v. State, 419 So.2d 1324, 1325-26 (Miss.1982). Westbrook's one page brief makes no mention of any statute, rule, case, or any other legal authority. Therefore, since Westbrook fails to cite to any legal authority in support of her arguments, we need not consider them on appeal, and the judgment of the circuit court should be affirmed.
¶ 9. Second, Westbrook concedes the very fact that disqualifies her from receiving unemployment benefits, pursuant to Miss.Code Ann. § 71-5-513 A(1)(a) (Supp.2004). That is, Westbrook admits that she voluntarily quit her job in order to *1139 pursue educational opportunities; yet, she maintains that she was entitled to unemployment benefits anyway. Westbrook has misunderstood our unemployment compensation law. Under Mississippi law, one is not entitled to unemployment benefits simply because one does not have a job; rather, one who meets the statutory eligibility conditions and who is not disqualified from receiving benefits may receive unemployment compensation. Miss. Code Ann. § 71-5-511 (Supp.2004); Miss. Code Ann. § 71-5-513 (Supp.2004). In addition, one who is disqualified under § 71-5-513 or fails to meet the eligibility conditions of § 71-5-511 but who receives unemployment benefits in error shall be required to re-pay or forfeit, through future deductions, those benefits which were paid in error. Miss.Code Ann. § 71-5-19(4) (Supp.2004). The record reflects that MESC, for reasons that are not entirely clear, erroneously paid Westbrook benefits that she was disqualified from receiving, since she voluntarily quit her job without good cause under the law. Therefore, because she received benefits that she was not legally entitled to receive under our unemployment compensation law, she may legally be required to repay to MESC the benefits she ineligibly received. Id.
¶ 10. Therefore, in addition to the two procedural bars noted above, Westbrook's brief demonstrates that her claim plainly lacks merit, since she concedes the fact that disqualifies her from receiving benefits. At the very least, we find that the decision of the Board of Review of MESC was clearly supported by substantial evidence, and the decision of the circuit court, therefore, should be affirmed.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY IS AFFIRMED.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] We are aware that the name of MESC has been recently changed; however, since this name change was not in effect at the times relevant to this action, we will refer to the Department of Employment Security as MESC throughout this opinion.