## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00801-SCT

*FRANCIS JOSEPH LAURO*

*v.*

*HELEN RITA LAURO*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/19/2001 |
| TRIAL JUDGE: | HON. FRANKLIN C. McKENZIE, JR. |
| COURT FROM WHICH APPEALED: | JONES COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | DENNIS LEON SHARP |
| | MARK A. CHINN |
| | KAREN H. SPENCER |
| | JAMES EMORY PRICE, III |
| ATTORNEY FOR APPELLEE: | TERRY L. CAVES |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND REMANDED IN PART - 06/05/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Francis Joseph Lauro (Frank) appeals from an adverse judgment of the Chancery Court of the Second Judicial District of Jones County which granted Helen Rita Lauro (Helen) a divorce on the ground of adultery.  Helen was also granted primary physical and legal custody of their three minor children, permanent periodic alimony, child support and attorney's fees.  In addition to Frank's appeal, Helen, on cross-appeal, also submits issues for this Court's review.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     Frank and Helen were married on May 1, 1991, while Frank was still in medical school. During the early years of the marriage, Helen worked as a licensed practical nurse. During their marriage, three

children were born: Christina born January 31, 1992; Phillip born November 15, 1994; and Isabella born October 3, 1998.

¶3. Helen filed for separate maintenance on April 23, 1999, after discovering Frank was romantically involved with another woman. In response to Helen's motion, Frank filed a counter-complaint for divorce on May 12, 1999. On June 2, 2000, the chancellor granted Helen's motion to file an amended complaint for divorce.

¶4. The matter was tried by the Chancery Court of the Second Judicial District of Jones County on June 14th and August 16th and 17th, 2000. The chancellor granted a divorce in favor of Helen on the ground of uncondoned adultery. The chancellor ordered the sale of the marital home and stipulated that the cost of the sale and the mortgage be paid in full with the proceeds. Helen was awarded the equity from the sale of the home. Helen was also awarded primary physical and legal custody of the three minor children; child support in the amount of $600 per child for a total of $1,800 per month; $4,200 per month in periodic alimony; and, $19,391.95 for attorney's fees.

¶5. Frank appeals this ruling and submits four issues for our review, and on cross-appeal, Helen submits three issues for our review. For the sake of clarity, the issues will be addressed in the following order.

## DISCUSSION

### I. WHETHER THE CHANCELLOR ABUSED HIS DISCRETION BY NOT EQUITABLY DISTRIBUTING THE MARITAL ASSETS AND LIABILITIES.

¶6. Frank argues the chancellor erred in failing to make the required finding of facts and conclusions of law in his distribution of marital assets and liabilities and in failing to address all the marital assets that were subject to equitable distribution such as Helen's IRA.

2

¶7.     The chancellor ordered the parties to sell their marital home, directing the costs of the sale and the mortgage be paid out of the proceeds. The chancellor further directed Helen to receive one-half (½) of the net sales proceeds, with the remaining one-half (½) of the net sales proceeds to be tendered into the registry of the Court. Upon dividing the marital assets of the parties, the Chancellor stated:

> The *only marital asset* Helen and Frank have is the money deposited into the registry of the Court from the sale of their home. Based upon Frank's conduct and Helen's financial and domestic contribution toward Frank's career, the Court finds Helen should receive those funds and the Clerk is authorized to pay them over to her.

(emphasis added). The chancellor also recognized that Frank had significant debt for student loans, credit cards and unfulfilled contracts. The chancellor determined that Frank would be solely responsible for this debt.

¶8.     This finding by the chancellor is not sufficient to meet the ***Ferguson*** standard:

> Given the development of domestic relations law, this Court recognizes the need for guidelines to aid chancellors in their adjudication of marital property division. Therefore, this Court directs the chancery courts to evaluate the division of marital assets by the following guidelines and to support their decisions with findings of fact and conclusions of law for purposes of appellate review. Although this listing is not exclusive, this Court suggests the chancery courts consider the following guidelines, where applicable, when attempting to effect an equitable division of marital property:
>
> 1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
>> a. Direct or indirect economic contribution to the acquisition of the property;
>> b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
>> c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets.
> 2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise.
> 3. The market value and the emotional value of the assets subject to distribution.

3

4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;

5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;

6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;

7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,

8. Any other factor which in equity should be considered.

*Ferguson v. Ferguson*, 639 So.2d 921, 928 (Miss. 1994). Failure to make findings of fact and conclusions of law as required by *Ferguson* is reversible error. *See Johnson v. Johnson*, 823 So.2d 1156, 1161 (Miss. 2002).

¶9. In making an equitable distribution of the marital estate, the property should be classified as a marital or a non-marital asset. *Id. See also Hemsley v. Hemsley*, 639 So. 2d 909, 914-15 (Miss. 1994). Assets accumulated during the course of a marriage are subject to equitable division unless they are characterized as separate property. *Johnson*, 823 So. 2d at 1161. "Mississippi courts 'assume for divorce purposes that the contributions and efforts of the marital partners, whether economic, domestic, or otherwise are of equal value.'" *Id.* (quoting *Hemsley*, 639 So. 2d at 915).

¶10. The chancellor failed to make specific findings as to how the marital property was classified and divided. Therefore, this case is reversed and remanded for clarification consistent with prior case law.

**II. WHETHER THE TRIAL COURT'S AWARD OF ALIMONY IN CONJUNCTION WITH ITS AWARD OF CHILD SUPPORT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND SO EXCESSIVE THAT IT CONSTITUTES AN ABUSE OF DISCRETION.**

¶11. Frank argues the chancellor abused his discretion in awarding alimony to Helen in an amount which was against the overwhelming weight of the evidence. Frank also argues the chancellor made limited

4

findings of fact and no conclusions of law as to the *Armstrong* factors required by this Court. In

*Armstrong v. Armstrong*, 618 So.2d 1278 (Miss. 1993), we stated, inter alia:

> The following factors are to be considered by the chancellor in arriving at findings and entering judgment for alimony:
>
> 1. The income and expenses of the parties;
> 2. The health and earning capacities of the parties;
> 3. The needs of each party;
> 4. The obligations and assets of each party;
> 5. The length of the marriage;
> 6. The presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care;
> 7. The age of the parties;
> 8. The standard of living of the parties, both during the marriage and at the time of the support determination;
> 9. The tax consequences of the spousal support order;
> 10. Fault or misconduct;
> 11. Wasteful dissipation of assets by either party; or,
> 12. Any other factor deemed by the court to be 'just and equitable' in connection with the setting of spousal support.

618 So.2d at 1280-81. Frank contends the chancellor used the awards of alimony and child support to

punish him for his adultery.

¶12. Upon remand, the chancellor must reconsider not only the issue of equitable distribution, but also

the awards of alimony and child support after he has properly divided the marital assets.

¶13. Alimony is considered only after the marital property has been equitably divided and the chancellor

determines one spouse has suffered a deficit.

> Division of marital assets is now governed under the law as stated in *Hemsley* and *Ferguson* First, the character of the parties' assets, i.e., marital or non-marital, must be determined pursuant to *Hemsley*. The marital property is then equitably divided, employing the *Ferguson* factors as guidelines, in light of each parties' non-marital property. *Ferguson*, 639 So.2d at 928. If there are sufficient marital assets which, when equitably divided and considered with each spouse's non-marital assets, will adequately provide for both parties, no more need be done. *If the situation is such that an equitable division*

5

*of marital property, considered with each party's non-marital assets, leaves a deficit for one party, then alimony based on the value of non-marital assets should be considered.*

***Johnson v. Johnson***, 650 So.2d 1281, 1287 (Miss. 1994) (emphasis added). Like alimony, child support must be considered collectively with all property division.

> All property division, lump sum or periodic alimony payment, and mutual obligations for child support should be considered together. "Alimony and equitable distribution are distinct concepts, but together they command the entire field of financial settlement of divorce. Therefore, where one expands, the other must recede." ***LaRue***, 172 W.Va. 158, 304 S.E.2d at 334 (Neely, J., concurring).

***Ferguson***, 639 So.2d at 929. *See also* ***Hensarling v. Hensarling***, 824 So.2d 583 (Miss. 2002); ***Mace v. Mace***, 818 So. 2d 1130 (Miss. 2002); ***Henderson v. Henderson***, 703 So. 2d 262 (Miss. 1997).

¶14.    In ***Mace***, a case of first impression involving whether to include a medical practice as a marital asset, we held that the chancellor properly included the husband's medical practice as a marital asset, but reversed the chancellor's decision on the value placed on the medical practice. 818 So.2d at 1131. Upon remand of the case, we offered direction to the chancellor as follows:

> The chancery court's valuation of the practice is reversed, and this case is remanded for an adequate valuation of the practice. Also, the award of alimony is vacated, and the chancellor instructed to revisit the issue as alimony and equitable distribution should be considered together. ***Ferguson***, 639 So.2d at 929 (stating that though alimony and equitable distribution are different concepts, they should be considered together, as when one expands, the other must recede.)

818 So.2d at 1134. This Court determined it was unclear from the record "whether [the medical practice] included the practice as a whole, including the medical equipment, or whether it was without physical assets." ***Id.*** On remand, the chancellor was instructed to adequately determine the value of the medical practice, either through the testimony of the parties or through the testimony of expert witnesses. ***Id.*** As

6

noted above, the chancellor was also instructed to revisit the award of alimony as alimony and equitable distribution are to be considered together. ***Id.***

¶15.     In ***Hensarling***, this Court reversed the chancellor's valuation of the marital estate and remanded the case with instructions to the chancellor to recompute the value of that award. 824 So. 2d at 591-92. However, the chancellor's award of rehabilitative alimony to the wife was affirmed. ***Id.***  Rehabilitative alimony is awarded to parties who have put their career on hold while taking care of the marital home. Rehabilitative alimony allows the party to get back into the working world in order to become self-sufficient. Therefore, rehabilitative alimony is not considered during equitable distribution.

> "Rehabilitative periodic alimony" is an equitable mechanism which allows a party needing assistance to become self-supporting without becoming destitute in the interim. "Periodic alimony" is for an *indefinite* period vesting as it comes due and modifiable. "Rehabilitative periodic alimony" is modifiable as well, but is for a *fixed* period of time vesting as it accrues.
>
> ******
>
> "Rehabilitative periodic alimony" is not intended as an equalizer between the parties but is for the purpose of allowing the less able party to start anew without being destitute in the interim. In comparison, lump sum alimony is intended as an equalizer between the parties to serve equity amongst them completely once and for all.

***Hubbard v. Hubbard***, 656 So.2d 124, 130 (Miss. 1995).  In the case sub judice, Helen was granted permanent periodic alimony; therefore, case law mandates that her award of alimony be considered together with the equitable distribution of the marital property.

¶16.     In ***Henderson***, this Court reversed and remanded on all economic issues after determining the chancellor erred in failing to consider together the equitable distribution of the marital assets, the award of periodic alimony and the award of child support.  703 So. 2d at 263.  This Court affirmed the granting of the divorce but held:

> We find that in determining marital assets, distribution of marital assets, and child support, the parties and the Court are entitled to more than generalities. The parties are entitled to

7

specific findings as to property acquisition, division thereof, and contrary specific findings as to child support.

*Id.* at 264. Because the chancellor divided the marital property without explanation and failed to consider the effect commingling had on certain property, this Court held it was impossible to affirm the chancellor's awards of alimony and child support. *Id.* at 265-66.

¶17. Upon remand, the chancellor is instructed to revisit the awards of alimony and child support after he has properly classified and divided the marital assets. Also, the chancellor must be mindful that although fault is a proper consideration for awarding periodic alimony, *Armstrong*, 618 So.2d at 1280, "[a]limony is not a punishment and should not be so used." *Tilley v. Tilley*, 610 So.2d 348, 354 (Miss. 1992).

### III. WHETHER THE CHANCELLOR COMMITTED MANIFEST ERROR IN AWARDING HELEN ATTORNEY'S FEES.

¶18. Because we have reversed this case so that the chancellor may revisit equitable distribution of the marital assets, it will be necessary for the chancellor to reconsider the award of attorney's fees to Helen. Equitable distribution is the first step in all divorce matters; therefore, in addition to the awards of alimony and child support, this case is remanded so that the chancellor may revisit the award of attorney's fees, if necessary, after he has properly divided the marital property and awarded child support and alimony.

### IV. WHETHER THE CHANCELLOR COMMITTED MANIFEST ERROR IN AWARDING HELEN PRIMARY LEGAL CUSTODY OF THE THREE MINOR CHILDREN.

¶19. Frank argues that the chancellor committed error in awarding primary legal custody to Helen. Frank and Helen agree that at the trial they stipulated that they would share joint legal custody and the chancellor accepted the stipulation. Helen concedes, through counsel, that due to a scrivener's error, the final judgment submitted to and signed by the chancellor was inconsistent with the stipulation, through no fault of the chancellor, in that the judgment erroneously awarded Helen "primary physical *and legal*

8

custody" of the children instead of an award of primary physical custody to Helen with joint legal custody to both Helen and Frank. Inasmuch as Frank and Helen previously agreed to joint legal custody of the three minor children, we reverse and remand this issue to allow the chancellor to correct the terms of custody consistent with this opinion and the prior stipulation of the parties.

## V. WHETHER FRANK SHOULD BE ORDERED TO PAY MEDICAL AND DENTAL INSURANCE PREMIUMS FOR HELEN AND THE CHILDREN AND TO PAY ALL MEDICAL AND DENTAL EXPENSES NOT COVERED BY THE INSURANCE.

¶20.    Helen's prayer for relief in her amended complaint for divorce contained a request that Frank maintain a medical insurance policy for Helen and the three minor children and that Frank be responsible for all hospital, doctor, dental, drug and optical expenses not covered by insurance.  Furthermore, during Helen's testimony she asserted that she wanted the court to order Frank to continue carrying health insurance on the children and all other medical expenses not covered by the insurance. The chancellor's opinion and judgment are devoid of any evidence that he considered this issue.  Therefore, this Court remands the issue of medical insurance for consideration by the chancellor.

## VI. WHETHER FRANK SHOULD BE ORDERED TO PAY ATTORNEYS' FEES INCURRED BY HELEN TO DEFEND THIS APPEAL.

¶21.    Helen requests that this Court order Frank to pay her attorney's fees for defending this appeal. In addressing Issue III concerning the award of attorney's fees to Helen *at the trial level*, we found that upon remand, the chancellor, in revisiting the issue of equitable distribution of the marital assets, would necessarily have to reconsider the award of attorney's fees to Helen.  However, in asserting entitlement to attorney's fees incurred *on appeal*, we find from Helen only these bare statements contained in her brief on cross-appeal: "Helen requests this Court to order Frank to pay her attorney's fees for defending this appeal. . . Because of Frank's appeal of this case, Helen has incurred attorney's fees and expenses on appeal. Helen

9

requests this Court to order Frank to pay her attorney's fees and expenses on appeal. . . Frank should pay

Helen's attorney's fees incurred in defending his appeal of this case." That's it. Helen has failed to cite any

legal authority which supports her entitlement to attorney's fees for *defending this appeal*. Failure to cite

any authority in support of an assignment of error precludes this Court from considering the issue on

appeal. ***Grey v. Grey***, 638 So.2d 488, 491 (Miss. 1994). In ***Grey***, Mrs. Grey had assigned as error, inter

alia, the chancellor's (1) finding that she had failed to establish the existence of a substantial asset; (2)

division of the parties' marital assets concerning their business; and, (3) division of the parties' non-business

marital assets. In addressing these assignments of error, we stated:

> [Mrs. Grey's] failure to cite any authority in support of the first three assignments of error precludes this Court from considering these issues on appeal. ***Matter of Estate of Mason v. Fort***, 616 So.2d 322, 327 (Miss. 1993), citing ***R. C. Petroleum, Inc. v. Hernandez***, 555 So.2d 1017, 1023 (Miss. 1990); ***Kelly v. State***, 553 So.2d 517, 521 (Miss. 1989), citing ***Brown v. State***, 534 So.2d 1019, 1023 (Miss. 1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1643, 104 L.Ed.2d 158 (1989), ***Shive v. State***, 507 So.2d 898 (Miss. 1987), and ***Pate v. State***, 419 So.2d 1324 (Miss. 1982). *See also **Turner v. Turner***, 612 So.2d 1141, 1143 (Miss. 1993).

638 So.2d at 491. Since we have previously held in ***Grey*** that issues such as the trial court's division of

marital assets will not be considered on appeal when a party fails to cite authority in support of the issues,

we certainly see no reason here to consider Helen's request for *attorneys fees incurred on appeal*

inasmuch as she has chosen to cite no authority in support of this issue. Therefore, this issue is without merit.

## VII. WHETHER HELEN SHOULD BE AWARDED PENALTIES IN THE AMOUNT OF 15 PERCENT OF THE JUDGMENT ENTERED BY THE LOWER COURT PLUS INTEREST.

¶22. Helen requests that this Court assess a penalty plus interest on the judgment. Miss. Code Ann. §

11-3-23 (Rev. 2002) provides in pertinent part: "In case the judgment or decree of the court below is

affirmed, or the appellant fails to prosecute his appeal to effect, the supreme court shall render judgment

10

against the appellant for damages, at the rate of fifteen percent (15%), as follows": (1) the decree or judgment appealed from must have been final; (2) the decree or judgment must have been affirmed unconditionally; and (3) the only matter complained of must have been the decree or some particular property or claim on it. *See Greenlee v. Mitchell*, 607 So.2d 97, 112 (Miss. 1992). "When the statutory requisites are met, the imposition of the statutory penalty for damages is mandatory." *Old Sec. Cas. Ins. Co. v. Clemmer*, 458 So.2d 732, 733 (Miss. 1984). Statutory penalties apply only to an unconditional affirmance. *See Benson v. Benson*, 749 So.2d 75, 76 (Miss. 1999). Because this Court orders that this matter be reversed and remanded for consideration of the issue of marital distribution, the prerequisite that the matter be unconditionally affirmed fails. Therefore, §11-3-23 does not apply, and Helen is not entitled to a statutory penalty.[1]

## CONCLUSION

¶23.    Because the chancellor erred in failing to make specific findings of fact and conclusions of law as to how the marital property was classified and divided, this case is reversed and remanded for proper clarification. Equitable distribution is the first step in a divorce matter; therefore, upon remand the chancellor must revisit his awards of alimony and child support. Also upon remand, after the marital assets have been properly divided and alimony and child support properly awarded, the chancellor may revisit his award of attorney's fees to Helen in the event of any modifications in the division of the marital assets and awards of alimony and child support. Although Helen's amended complaint requested medical insurance for herself and her children, the chancellor failed to address this issue in his final judgment. Upon remand, the issue

---

[1]This Court acknowledges Miss. Code Ann. § 11-3-23 was repealed by House Bill 19, 2002 Miss. Laws 3rd Ex. Sess. Ch. 4 (H.B. 19) which is effective "from and after January 1, 2003, and shall apply to all causes of action filed on or after that date." However, we need not address the applicability of H.B. 19 as we are reversing and remanding the instant case.

11

of medical insurance must be considered by the chancellor. In all other respects, the judgment below is

affirmed.

¶24.	**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

	**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**