950 So.2d 1044 (2007)
Viola DANIELS, Appellant
v.
Willie B. DANIELS, Appellee.
No. 2005-CA-01318-COA.
Court of Appeals of Mississippi.
February 27, 2007.
*1045 S. Christopher Farris, attorney for appellant.
Leigh Kennington Berry, Columbia, attorney for appellee.
Before KING, C.J., IRVING, and GRIFFIS, JJ.
IRVING, J., for the Court.
¶ 1. Viola Daniels and Willie B. Daniels agreed to an irreconcilable differences divorce and submitted several contested issues to the Marion County Chancery Court for adjudication. Specifically, the court made an equitable division of several contested pieces of property and gave Viola both periodic and rehabilitative alimony. Aggrieved, Viola appeals and asserts that the court erred in both its division of the contested property and its award of alimony.
¶ 2. Finding error, we reverse and remand for further proceedings consistent with this opinion.

FACTS
¶ 3. Viola and Willie were married in 1974 and had six children, five of whom are living and are over the age of twenty-one, and one of whom is deceased. Throughout the course of their marriage, other than a seven-year period from 1987 to 1994, Willie was gainfully employed. In 1985, Willie was injured when a car battery blew up, damaging his eyes. In 1994, Willie received $198,000 as a result of a settlement for his injuries. Viola was also gainfully employed throughout the course of the marriage, although she testified that she was injured in a car accident in 2001 and that she has had trouble maintaining gainful employment since that time.
¶ 4. Additional facts, if necessary, will be related during our analysis and discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Equitable Division
¶ 5. In making an equitable division of the marital property, the chancellor first determined which assets were properly addressed as marital property. After stating that he had considered the factors found in Ferguson v. Ferguson, 639 So.2d 921, 928-29 (Miss.1994), the chancellor proceeded to divide the marital assets. No discussion of the factors is found in the record, and no explanation of how the chancellor found as to any factor, or how those factors impacted the chancellor's award of marital property, is included in the court's ruling.
¶ 6. Viola urges us to find that the chancellor erred in making inadequate findings of fact and conclusions of law in support of his division of the property. After reviewing the record, we agree that the chancellor failed to make adequate findings.
¶ 7. In Owen v. Owen, 928 So.2d 156 (Miss.2006), the Mississippi Supreme Court addressed a similar situation. The court noted that the chancellor in that case "stated that, after having reviewed the Ferguson factors, `as a matter of fact that Kenneth . . . [had] been the primary financial *1046 contributor to the assets of the marriage and that he should receive a greater percentage of any distribution of the marital assets.'" Id. at 158(¶ 2) (quoting Owen v. Owen, 798 So.2d 394, 397(¶ 4) (Miss. 2001) (Owen I)). The court summarized its holding in Owen I:
The chancellor, however, did not specifically address the applicable Ferguson factors. Margaret appealed . . . this Court found that `the chancellor erred in failing to specifically address all applicable Ferguson factors. . . .' The Court reversed the chancellor's judgment and remanded the case to the chancery court to provide a record of its findings of fact and conclusions of law concerning each of the applicable Ferguson factors.
Id. at 158(¶ 4) (citations omitted).
¶ 8. As in Owen I, the chancellor here failed to adequately address the applicable Ferguson factors. In fact, the chancellor here declined to provide an analysis of any of the Ferguson factors, let alone all of the applicable factors. Therefore, we reverse and remand for further findings regarding the applicable Ferguson factors and how those findings support the chancellor's division of the marital property.
2. Alimony
¶ 9. The chancellor stated in his order that he had addressed the relevant factors found in Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955) and Armstrong v. Armstrong, 618 So.2d 1278 (Miss.1993).[1] Specifically, the chancellor noted that there was a
demonstrated substantial disparity of Viola's earning capacity compared to that of Willie ($8,000.00 for Viola in 1994, $41,000.00 for Willie in 1994). Theirs has been a long marriage. Viola has contributed financially as well as bearing six children and assisting in the rearing of five of those children. Evidence shows Viola's inability to meet her reasonable living needs since the separation and the lack of any support contribution by Willie since that separation. The totality of the circumstances lead the Court to the conclusion that Viola is entitled to an award of alimony, both for rehabilitative purposes and periodic for supplemental support for the future.
Accordingly, the Court awards unto Viola a lump sum award for rehabilitative purposes of $12,000.00, which sum Willie may pay, at his election, by the sum of $500.00 per month. Further, Viola is awarded periodic continuing alimony for support purposes in the amount of $300.00 per month; and in the event Willie elects to pay the lump sum award in the stated monthly installments then, in such event, the payment of monthly alimony for support purposes shall commence upon the payment in full of the lump sum award.
¶ 10. In Lauro v. Lauro, 847 So.2d 843, 848-49(¶ 13) (Miss.2003), the Mississippi Supreme Court explained that "[a]ll property division, lump sum or periodic alimony payment, and mutual obligations for child support should be considered together." Therefore, because we are remanding to the chancery court for an analysis of the applicable Ferguson factors and how those factors affect equitable distribution, we also remand this issue. If, on remand, the court's analysis of the relevant Ferguson factors yields a different equitable division of the marital property, *1047 the court's rendering of alimony will also have to be reconsidered. "Alimony and equitable distribution are distinct concepts, but together they command the entire field of financial settlement of divorce. Therefore, where one expands, the other must recede." Id. at 849(¶ 13) (quoting Ferguson, 639 So.2d at 929). We also urge the chancellor to make more detailed findings regarding alimony on remand. As with the equitable division factors, the chancellor failed to thoroughly apply the relevant alimony factors in its findings of fact and conclusions of law. On remand, we urge the court to remedy this deficiency.
¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF MARION COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MYERS, P.J., DISSENTS WITHOUT WRITTEN OPINION. CARLTON, J., NOT PARTICIPATING.
NOTES
[1] The chancellor simply said that he had "taken into consideration the dictates of the cases of Brabham and Armstrong. . . ." No citation was given for either case. Therefore, we have assumed, based on subject matter, that the two cases cited above are the cases to which the chancellor was referring.