FAIR, J.,
for the Court:
¶ 1. Frank and Susan Segree were divorced by the Warren County Chancery Court in 2008. Frank appealed and this Court remanded the case for specific findings of fact.[1] A final judgment was issued by the chancellor in November 2010. Frank again appeals contending that the chancellor erred in her awards of equitable distribution, child support, and alimony. Finding no error, we affirm.
FACTS
¶ 2. Frank and Susan were married for twenty-five years and had three children. Their son, Robert, was emancipated at the time of their divorce, but their twin girls, Rebecca and Jacqueline, were nineteen. The girls are twenty-three at the time of this appeal.
¶ 3. At the time of their divorce in 2008, Susan had a high school degree, was in good health, and worked as an assistant manager at CitiFinancial. Frank had a G.E.D., was in good health, and worked as the master of the Motor Vessel Hurley.
¶ 4. Their divorce was granted on the ground of Frank’s adultery. At that time, all the children still lived at home with their mother and paid nothing for their living expenses. The twins were both working and had no plans to attend college.
¶ 5. The 2008 judgment granted Susan the exclusive use of the marital home, child support for Rebecca, and permanent alimony to begin at the end of Frank’s child-support obligation. Frank appealed, and this Court affirmed the chancellor’s determination as to attorney’s fees, insurance for the girls, and the expense of the girls’ credit cards. But because the chancellor did not make specific findings of fact to support the equitable distribution, we reversed the judgment and remanded the three interdependent issues of division of marital assets, child support, and alimony to the chancellor. We directed the chancellor to make specific findings on the Ferguson factors and to then review each award in context of the others.
¶ 6. The chancellor responded with a sixty-nine-page opinion detailing her reasoning and addressing each factor under Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994), and Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993).
*702 STANDARD OF REVIEW
¶ 7. This Court “will not disturb a chancellor’s judgment when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied.” Benal v. Benal, 22 So.3d 369, 372 (¶ 4) (Miss.Ct.App.2009) (quoting Chapel v. Chapel, 876 So.2d 290, 292 (¶ 8) (Miss.2004)). If the chancellor’s findings are supported by substantial evidence, then we will affirm. Minter v. Minter, 29 So.3d 840, 850 (¶ 36) (Miss.Ct.App.2009).
DISCUSSION
¶ 8. At the outset, we note that circumstances are now significantly changed from when trial was held. Rebecca and Jacqueline are now twenty-three years old, and several of Frank’s financial obligations should no longer exist.
1. Equitable Distribution
¶ 9. Frank first contends that the chancellor erred in distributing the marital property. He contends that it is unfair and inequitable.
¶ 10. The chancellor determined that all property owned by the parties was marital property under Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994), because neither party brought any assets into the marriage. All assets were acquired during their twenty-five-year marriage.
¶ 11. Next, the chancellor applied the Ferguson factors to distribute the marital property. See Ferguson, 639 So.2d at 928. All eight factors were discussed, and specific factual findings were made relating to each factor. In her analysis, the chancellor awarded Susan assets totaling $172,421 and debts totaling $47,946. Susan’s award included: the marital home, her checking account, her savings account, the tractor, the lawn mower, the household furnishings, the Chevy Malibu, her 401K, and $26,943 from Frank’s Thrift Savings Plan. Frank was awarded assets totaling $126,989.91 and debts totaling $77,018.26. His award included: three vehicles, a travel trailer, a boat, his checking account, his savings account, a portable generator, the remainder of his Thrift Savings Plan, and credit for $7,165.91 of dissipated assets.
¶ 12. “We have repeatedly held that in making an equitable division of the marital property, the chancellor is not required to divide the property equally.” Love v. Love, 687 So.2d 1229, 1232 (Miss.1997). “Our purpose is to determine whether the chancellor’s ruling was supported by credible evidence, not whether we agree with that ruling.” Benal, 22 So.3d at 372 (¶ 4) (citing Lee v. Lee, 798 So.2d 1284, 1290 (¶ 22) (Miss.2001)).
¶ 13. Here, the parties stipulated to the valuation of their property. The chancellor properly applied Hemsley to determine the marital or separate nature of the property and then provided a detailed Ferguson analysis to distribute that property. Although the chancellor awarded Susan a greater portion of the marital assets, that does not necessarily indicate an abuse of discretion. See Bresnahan v. Bresnahan, 818 So.2d 1113, 1122 (¶ 31) (Miss.2002). We find that the chancellor’s division of marital assets is supported by substantial evidence and that she did not apply an erroneous legal standard.
2. Child Support
¶ 14. Frank argues that it was an abuse of discretion to award support for Rebecca when she was the same age, education level, and employment level as her sister, who was considered emancipated. In our prior opinion we held:
[T]he chancery court had the discretion to consider Rebecca emancipated, with *703 out having to consider whether she was employed full time. But, the chancellor also had the discretion to take into account that Rebecca had just started work and was only earning minimum wage.
Segree v. Segree, 46 So.3d 861, 867 (¶ 17) (Miss.Ct.App.2010).
¶ 15. While the chancellor’s decision to award support to Rebecca and not Jacquelyn is unusual, it was within her discretion, as previously adjudicated. This issue is res judicata.
3. Alimony
¶ 16. Finally, Frank asserts that the chancellor erred in awarding permanent alimony to Susan because the division of marital assets left Susan in a substantially better position than Frank, thereby rendering alimony unnecessary.
¶ 17. Our calculations that follow assume that the mortgage on the marital home was paid in full pursuant to the court’s order and that neither party is now paying a note on the home. Susan’s expenses include insurance for the home and property taxes. Frank’s expenses include rent and insurance for the camper.
¶ 18. In the property division, Frank was awarded $126,989.91 in assets, and Susan was awarded $172,421.00. Though Susan received more, these numbers are misleading. More than eighty percent of Susan’s award is non-liquid equity, including her 401K, the former marital home, the Malibu, the tractor, the lawn mower, and the furniture. In considering an award of alimony for Susan, the value of the residence was minimally considered by the chancellor, an approach approved in Arrington v. Arrington, 80 So.3d 160, 166-67 (¶¶ 21-24) (Miss.Ct.App.2012).
¶ 19. The chancellor reviewed the factors set out in Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993), in determining Susan’s need and Frank’s ability to pay support.[2] Susan’s adjusted gross income (AGI) was determined to be $2,480.62 per month. Her monthly expenses, including all insurance, retirement contributions, and installment payments, totaled $3,228.78. This figure includes a $328.50 car payment for the Chevy Malibu, which we include because the chancellor included it as part of Susan’s property award. Without alimony, Susan has a monthly deficit of $793.16.
¶ 20. Frank’s AGI was determined to be $5,899 per month.[3] His expenses, including all installment payments and voluntary retirement contributions, total $4,713.57 each month. This figure includes a voluntary payment of $1,030.57 to Frank’s Thrift Savings Plan. Assuming that he has complied with the judgment of the chancellor, Frank is no longer responsible for child-support payments, the house note, insurance for his daughters, or his daughters’ credit card bills. Without paying any alimony, Frank has a monthly surplus of $1,185.43.
*704 ¶ 21. If the divided assets, when considered with each party’s non-marital assets, “will adequately provide for both parties, no more need be done.” Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994). Susan was awarded approximately $26,943 in liquid assets from Frank’s Thrift Savings account. This award would last for less than three years if she is forced to use it to cover her monthly deficit. In that same three years, Frank would place $37,100.52 into his Thrift Savings Plan. It cannot be said that such a division of assets adequately provides for Susan. The chancellor’s award of $500 a month in alimony does not cover her deficit but will certainly help, and Frank will still be left with a monthly surplus of $685.43. In determining an alimony award, our supreme court has said: “A wife is generally entitled to periodic alimony when her income is inadequate to allow her to maintain her standard of living and when her husband is able to pay.” Kilpatrick v. Kilpatrick, 732 So.2d 876, 882 (¶ 4) (Miss.1999) (citing Heigle v. Heigle, 654 So.2d 895, 898 (Miss.1995)). Clearly, Susan will be unable to maintain her lifestyle on her income alone, and Frank is able to pay even while contributing $1,030.57 a month to his Thrift Savings Plan. Without receiving alimony, Susan will suffer a disparity in income and a decline in her standard of living following the equitable division of marital assets. See Lauro v. Lauro, 847 So.2d 843, 848 (¶ 13) (Miss.2003).
¶ 22. The chancellor’s decision, to begin alimony when child support ends and Frank’s ability to pay increases, fits within the collective consideration of child support, alimony, and equitable distribution as contemplated in Lauro, 847 So.2d at 848-49 (¶ 13). We affirm the chancellor’s decision because an award of alimony was well within her discretionary power and justified by the evidence presented.
¶ 23. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., AND IRVING, P.J.

. This appeal is "consolidated” only for use of the record in Frank’s prior appeal. We only address the issues raised on Frank's second appeal. Our decision in Frank’s first appeal is reported as Segree v. Segree, 46 So.3d 861 (Miss.Ct.App.2010).

. The Armstrong factors are to be considered by chancellors in determining the appropriate award of periodic alimony. Steiner v. Steiner, 788 So.2d 771, 776 (¶ 16) (Miss.2001) (citing Tilley v. Tilley, 610 So.2d 348, 353-54 (Miss.1992)).

. Frank’s pay stub for June 7, 2008, was entered into evidence and reflected a year-to-date income of $40,769.96. For the first five months of 2008, his monthly gross income was $8,153.99, with an AG1 of $6,622.86. However, Frank’s Uniform Chancery Court Rule 8.05 disclosure asserted that his AGI was $5,175.31. The chancellor averaged the AGI on Frank’s pay stub with the AGI on his Rule 8.05 disclosure to reach the figure she used for calculating child support and alimony, $5,899.00. Frank's insurance and mandatory retirement contribution were included in his AGI.