IRVING, P.J.,
for the Court:
¶ 1. Roland DeWayne Palmer and Cei-cle Glynn Spiers Prince Palmer agreed to a divorce on the ground of irreconcilable differences and submitted the issues of equitable distribution and alimony to the Hancock County Chancery Court for a determination. The chancery court initially rendered a judgment that was challenged by Ceicle’s motion for reconsideration. Ultimately, the chancery court valued the marital estate at $161,395 and divided it equally between the parties. Roland appeals and argues that the home is not marital property, but if it is, the court erred in finding that Ceicle is entitled to a fifty percent interest in the home. Roland further argues that if Ceicle is awarded a fifty percent interest in the home, equity requires that he should also be awarded alimony from Ceicle.
¶ 2. We find that the chancellor’s decision was manifestly and clearly erroneous, as there is a lack of substantial evidence to support his decision to award Ceicle a fifty percent interest in the marital estate. Therefore, we reverse the judgment of the chancery court and remand this case for further proceedings.
FACTS
¶ 3. Prior to his marriage to Ceicle, Roland was married to Ella Ray Lee. Ella’s brother gave her one acre of land, on which Ella and Roland built a home in 1995. The home was in Ella’s name only *262 when she died in 1998. However, Ella and Roland’s children deeded the land and the home to Roland after Ella’s death. There was no outstanding indebtedness on the home. On November 25, 1999, Roland married Ceicle, and she moved into the home. At the time of the marriage, Roland was not working; however, Ceicle was employed at the Grand Casino in Gulf-port, Mississippi. Roland had retired earlier in 1999 after undergoing cancer surgery and his second open-heart surgery.
¶ 4. Roland paid the taxes, insurance, and utilities on the home. Ceicle bought groceries for the household, paid the phone bill, and contributed to some of the utilities. Ceicle also paid $2,000 for carpeting the living-room floor and tiling the kitchen floor. Due to damage to the home during Hurricane Katrina, Roland received approximately $27,000 in insurance proceeds. The parties separated in October 2008 and were divorced on December 2, 2010. At the time of their separation, the parties had approximately $20,000 in cash, which included a portion of the insurance proceeds.
¶ 5. As of the date of trial, Roland’s only income was $570 per month in Social Security benefits. Ceicle earned approximately $675 a month working as a babysitter. She also received approximately $608 a month in Social Security benefits. Additionally, Ceicle had a retirement account, which increased during the marriage, and was worth approximately $17,000. Prior to Hurricane Katrina, Ceicle was employed at a casino, making $24,000 per year. She admitted that she could have returned to that job, but declined to do so. When the Palmers separated, they divided the cash equally and the remainder of their personal property.
¶ 6. The chancellor granted the Palmers a divorce and made the following findings: (1) the Palmers’ home, valued at $95,000, was marital property subject to equitable distribution; (2) Ceicle was entitled to a fifteen percent equitable interest in the home;[1] (3) both parties will retain the items of personal property currently in their possession; (4) Ceicle’s retirement account, valued at $17,000, was marital property and will be divided equally; (5) in satisfaction of Ceicle’s fifteen percent interest in the marital home, Roland will pay her $1,000, and she should retain the entire retirement account; and (6) Ceicle will be awarded $5,000 in lump-sum alimony. In response to a motion to reconsider, filed by Ceicle, the chancery court issued an amended judgment, finding the value of the marital estate to be $161,395 and awarding Ceicle half that amount, including a judgment hen against the marital home for $31,502.50. The court ordered Roland to pay the $31,502.50 within ninety days, and if he failed to do so, granted Ceicle the right to seek a partition of the marital home. The chancellor eliminated the $5,000 lump-sum-alimony award contained in his initial judgment.
¶ 7. Additional facts, as necessary, will be related in the analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

I. Equitable Interest in Marital Home

¶ 8. “The equitable distribution of marital assets is committed to the discretion of the chancellor, whose findings will not be disturbed unless the chancellor was manifestly wrong, clearly erroneous[,] or *263 [applied] an erroneous legal standard.” Jones v. Jones, 995 So.2d 706, 712 (¶ 19) (Miss.2008) (quoting Arthur v. Arthur, 691 So.2d 997, 1008 (Miss.1997)). The Mississippi Supreme Court has held that “[property brought into the marriage by one partner and used by the family becomes a marital asset.” Boutwell v. Boutwell, 829 So.2d 1216, 1221 (¶ 19) (Miss.2002) (citing Johnson v. Johnson, 650 So.2d 1281, 1286 (Miss.1994)). “Assets which are classified as non-marital ... may be converted into marital assets if they are ... utilized for domestic purposes, absent an agreement to the contrary.” Id. at (¶ 20) (citations omitted).
¶ 9. We agree with the chancellor’s finding that the home is marital property. Although the home was clearly Roland’s separate property prior to his marriage to Ceicle, the parties lived in the home as a married couple. As such, the home was converted into a marital asset.
¶ 10. We have held that “[e]qui-table distribution does not mean equal distribution,” and there is no requirement that each spouse must receive half of an interest in the property. Jenkins v. Jenkins, 67 So.3d 5, 11 (¶ 13) (Miss.Ct.App.2011) (quoting Seymour v. Seymour, 960 So.2d 513, 519 (¶ 15) (Miss.Ct.App.2006)). “[E]quitable distribution [is] a fair division of marital property based on the facts of each case.” Seymour, 960 So.2d at 519 (¶ 15). We point out that the chancellor did not specifically award Ceicle a fifty percent interest in the marital home. Rather, he awarded her a fifty percent interest in the marital estate. However, the effect of awarding her fifty percent of the marital estate was to award her a fifty percent interest in the marital home. In reaching his decision, the chancellor noted that there was no evidence that the home had appreciated in value during the course of the marriage and that Ceicle’s only financial contribution to the home was $2,000 for putting in some carpet and tiling the kitchen floor. At one point, the chancellor stated that there was no evidence that the carpet and tile had resulted in an appreciation in the value of the home. However, the chancellor later said that Ceicle had made $2,000 worth of improvements.
¶ 11. We acknowledge the clarity in our law — that equitable distribution is committed to the sound discretion of the chancellor. However, we, as an appellate court, have oversight responsibility, and if we could never reverse a chancellor’s decision regarding equitable distribution, our oversight responsibility would be reduced to the ministerial act of simply rubber-stamping a chancellor’s decision. While Ceicle did pay $2,000 for new flooring, it is difficult to conclude that her meager financial contribution, along with her domestic contributions to the relationship, warrants a fifty percent interest in the marital home. The house was already paid for before Ceicle and Roland married. The record reflects that Roland also made domestic contributions to the relationship in addition to providing the home, without any compensation or contribution from Ceicle. The record also reflects that Roland has no money from any source other than his meager Social Security check. He would be forced to sell the home in order to pay Ceicle the $31,502.50 that the chancellor awarded her. At that point, he would be homeless or would have to incur additional expenses for lodging. Even the chancellor recognized this fact, as he specifically found:
If this court were to direct that Roland Palmer sell the marital home, he would net some cash, but would be forced to either rent or buy and would rapidly deplete any funds realized from the sale of the home. Based upon his current *264 income, he would be unable to afford to either rent or buy.
Nevertheless, despite this finding by the chancellor, he ordered Roland to pay Cei-cle $81,502.50 within ninety days or risk having the home sold.
¶ 12. We also note that at the time of trial, Ceicle was sixty-five years of age and in reasonably good health. Roland was seventy-five years old and in poor health. On the facts of this case, we are constrained to find that awarding Ceicle a fifty percent interest in the marital estate is both manifestly wrong and clearly erroneous. Accordingly, we find that the chancellor erred in his distribution of the marital estate and remand the issue of equitable distribution for reconsideration.
¶ 13. The dissent apparently misreads the focus of our finding that the chancellor erred in dividing the marital estate, as the dissent states, in paragraph 21, that “Mississippi law does not require a spouse to have made a direct economic contribution to an asset to be awarded an interest.” Nothing in our opinion suggests that our law requires such. We do not find error with the chancellor’s judgment because it awarded Ceicle what is tantamount to a fifty percent interest in an asset that she made no contribution to acquiring. We have discussed the facts surrounding the acquisition of the marital home because those facts are relevant to the greater issue of whether there is substantial evidence to support the chancellor’s finding that a fifty-fifty division of the marital estate is equitable. It is only one piece of the overall equation, but an important piece because the marital home constitutes more than fifty percent of the total value of the marital estate. To be clear, our decision rests upon a consideration of the totality of the factual circumstances, including Roland’s health versus Ceicle’s, Roland’s post-divorce financial situation, and especially the chancellor’s finding and recognition that:
If this court were to direct that Roland Palmer sell the marital home, he would net some cash, but would be forced to either rent or buy and would rapidly deplete any funds realized from the sale of the home. Based upon his current income, he would be unable to afford to either rent or buy.
Despite this finding, the chancellor, in effect, concluded that it was equitable to thrust Roland into the very situation that he specifically found was inequitable and which would leave Roland in dire straits.

II. Alimony

 ¶ 14. Equitable distribution and alimony go hand in hand in divorce proceedings. See Lauro v. Lauro, 847 So.2d 843, 849 (¶ 13) (Miss.2003). We have found that the chancellor erred in his distribution of the marital estate and are reversing and remanding for the chancellor to reconsider the distribution. Alimony is to be considered only after there has been an equitable distribution of the marital estate and one party has been left with a deficit. See Byrd v. Byrd, 100 So.3d 443, 447 (¶ 7) (Miss.2012). Therefore, on remand, the question of whether alimony should be awarded to either party should be reexamined in light of the equitable distribution.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF HANCOCK COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS AND JAMES, JJ., CONCUR. MAXWELL, J„ DISSENTS *265 WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON AND FAIR, JJ.

. Fifteen percent of $95,000 equals $14,250, although the court erroneously calculated the amount to be $9,500.