# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00471-COA

**JENNIFER MASSEY**                                                                 **APPELLANT**

**v.**

**STEPHEN MASSEY**                                                                    **APPELLEE**

DATE OF JUDGMENT:               09/26/2012
TRIAL JUDGE:                    HON. M. RONALD DOLEAC
COURT FROM WHICH APPEALED:      LAMAR COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:         ELIZABETH P. TODD
ATTORNEY FOR APPELLEE:          JONATHAN MICHAEL FARRIS
NATURE OF THE CASE:             CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:        AWARDED $2,717 PER MONTH IN CHILD
                                SUPPORT AND NO ALIMONY
DISPOSITION:                    AFFIRMED – 09/30/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., MAXWELL AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT**:

¶1.     Stephen and Jennifer Massey were granted a divorce on the ground of irreconcilable differences by the Lamar County Chancery Court. The chancery court awarded Stephen and Jennifer joint legal and physical custody of their oldest child, and joint legal custody of their two youngest children; and the chancery court awarded primary physical custody of the two youngest children to Jennifer. The court also awarded Jennifer child support for the two youngest children but declined to award child support for the oldest child, who would turn twenty-one years old within six months of the date of the judgment. However, the chancery

court did not award Jennifer any alimony. Jennifer now appeals, contending that the trial court erred in the amount of child support that it awarded and in its failure to award her any alimony.

¶2. Finding no reversible error, we affirm.

FACTS

¶3. Jennifer and Stephen were married on October 1, 1988. They lived in Canada but moved to Hattiesburg, Mississippi, in 1998, so that Stephen, a physician, could pursue his medical profession. Eventually, Stephen opened his own clinic, which Jennifer helped manage. Three children were born to the marriage: Kayla, born March 31, 1992; Brandt, born September 7, 1993; and Brendan, born April 25, 1997. The parties separated on January 1, 2011. On April 8, 2011, the parties filed a joint complaint for divorce on the ground of irreconcilable differences. However, they did not attach an agreement for the custody and support of their minor children and the settlement of property rights between them. On July 21, 2011, they consented to a divorce on the ground of irreconcilable differences but reserved certain issues for decision by the court if they were unable to resolve them.

¶4. A trial was held on November 22, 2011, and June 6, 2012. At the commencement of the trial, the parties announced that they had agreed that: (1) they would share joint legal and physical custody of Kayla and Brandt, and (2) they also would share joint legal custody of Brendan, but the issue of Brendan's physical custody remained unresolved, as well as the issue of support for all three children. With the exception of attorney's fees, all other issues presented in the July 21, 2011 consent to divorce remained unresolved as well.

¶5. On September 27, 2012, the court entered its opinion and final judgment on the issues

2

of division of marital assets and debts, custody, visitation, medical expenses, and child support. In its judgment, the chancery court awarded Stephen and Jennifer joint legal custody of all three children and joint physical custody of Kayla pursuant to the parties' agreement. The court also awarded Jennifer primary physical custody of Brandt and Brendan and ordered Stephen to pay monthly child support to Jennifer in the amount of $2,717 for Brandt and Brendan. The court declined to order any support for Kayla. The parties were ordered to divide equally any uncovered medical expenses and extracurricular expenses for the children. Further, Stephen was ordered to pay for Brendan and Kayla's auto insurance; Jennifer would pay for Brandt's. The court also ordered Jennifer to pay twenty-five percent of the children's college expenses and ordered Stephen to pay the remainder. As stated, the court did not award any alimony to Jennifer.

## DISCUSSION AND ANALYSIS OF ISSUES PRESENTED

¶6. Jennifer argues that the chancery court erred in setting the child support in an amount that was less than twenty percent of Stephen's adjusted gross income. However, the record reflects that Jennifer did not raise this specific objection during trial or in her post-trial motion to alter or amend the judgment, which the chancery court denied. The Mississippi Supreme Court has stated: "It is well settled that [an appellate court] will not address issues raised for the first time on appeal." *Smith v. Franklin Custodian Funds Inc.,* 726 So. 2d 144, 147 (¶12) (Miss. 1998). Therefore, this issue is procedurally barred.

¶7. Jennifer also argues that the chancery court erred in failing to award her alimony. She maintains that because she spent her time rearing the children, maintaining the house, and managing Stephen's business, she has no income to live off of since she will no longer be

3

able to work at Stephen's clinic. Jennifer explains that she has a degree in nutrition and food chemistry and at one time was a certified dietician in Canada. However, she is no longer certified in Canada, and to become a certified dietician in the United States would require her to take classes. Furthermore, she claims she cannot afford to go back to school or start her own business. Jennifer asserts that the rental properties that she received as a part of the distribution of the marital estate do not generate income. She claims that, at best, she breaks even, as the monthly mortgage on the rental properties absorbs all of the rental income. Finally, Jennifer asserts that Stephen dissipated assets by settling a $30,000 sexual-harassment lawsuit against him. Jennifer argues that, although she was frugal, she lived a comfortable lifestyle, and now she will have to adjust to a "drastically different one."

¶8. Alimony should be considered if one spouse is left with a deficit after the equitable division of the marital assets. *Lauro v. Lauro*, 847 So. 2d 843, 848 (¶13) (Miss. 2003). An appellate court's "scope of review in domestic[-]relations matters is limited by our familiar substantial evidence/manifest error rule." *Jones v. Jones*, 995 So. 2d 706, 712 (¶19) (Miss. 2008) (quoting *Clark v. Clark*, 754 So. 2d 450, 458 (¶48) (Miss. 1999)). "The equitable distribution of marital assets is committed to the discretion of the chancellor, whose findings will not be disturbed by [an appellate court] unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Id.* (quoting *Arthur v. Arthur*, 691 So. 2d 997, 1003 (Miss. 1997)).

¶9. Here, the court allocated the marital assets so that Jennifer received $720,613.53 in total equity, and Stephen received $798,940.17 in total equity. To offset Stephen's excess, the chancery court ordered Stephen to pay Jennifer $39,163.32, resulting in each party

4

receiving an equal share of the marital estate.

¶10.     Jennifer does not offer any authority for the proposition that the amount of money used to settle the sexual-harassment claim constitutes a dissipation of marital assets. Furthermore, the chancery court did not attribute any dissipation to either party. The debt Jennifer refers to is for the rental properties that she was given as a part of the marital distribution. The court noted that there was no debt on the marital home that Jennifer was given, but that there was significant debt on their business holdings, which he allocated to Stephen during the distribution of the property. While Jennifer argues that she is unable to take the necessary courses to become a certified dietician, the chancery court apparently was not persuaded, as the court noted that Jennifer appeared to possess the skills necessary to succeed on her own. It further recognized that her income would not likely come close to Stephen's, but pointed out that because of the substantial marital estate, each party would have some degree of security going forward. We agree.

¶11.     In light of the fact that the chancellor essentially split the marital estate equally and because Jennifer does not suffer from a deficit, we cannot find that the chancery court abused its discretion in denying her an award of alimony. Accordingly, we affirm.

¶12.     **THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.**

5