# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CT-00434-SCT

*MICHAEL JACKSON*

*v.*

*ROSIE JACKSON*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/2013 |
| TRIAL JUDGE: | HON. TALMADGE D. LITTLEJOHN |
| TRIAL COURT ATTORNEYS: | LUANNE STARK THOMPSON |
| | BENNIE L. JONES, JR. |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD SHANE McCLAUGHLIN |
| | NICOLE H. McCLAUGHLIN |
| ATTORNEY FOR APPELLEE: | LUANNE STARK THOMPSON |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART, REVERSED IN PART, AND THE CASE IS REMANDED - 08/13/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     The Monroe County Chancery Court granted Rosie Jackson a divorce from her husband Michael on the ground of cruel and inhuman treatment in 2012.  The Court of Appeals affirmed the chancellor's judgment, and this Court granted Michael's petition for writ of certiorari.  Finding that the chancellor manifestly erred in his calculation of the marital assets and liabilities, we affirm in part and reverse in part the chancellor's judgment and remand this case for further proceedings.

## FACTS & PROCEDURAL HISTORY

¶2.    Michael and Rosie married in 1976, and they had two children together, both of whom were emancipated at the time of the instant litigation.  Rosie filed for divorce on May 20, 2009, on the grounds of adultery, habitual cruel and inhuman treatment, and irreconcilable differences.  As evidence supporting her grounds for divorce, Rosie alleged that she had learned in 2008 that Michael had engaged in extramarital sexual activity and had molested a child during their marriage.  Rosie claimed that Michael's misconduct had negatively impacted her health and rendered her unable to continue to perform her marital duties. Michael denied these accusations.

¶3.    After a trial, the chancellor found that Rosie had presented sufficient proof of habitual cruel and inhuman treatment and granted the divorce.  The chancellor then divided the marital estate and awarded Rosie lump-sum alimony.  Michael appealed the chancellor's judgment, and the case was assigned to the Court of Appeals.  Michael raised three issues on appeal: "(1) the evidence was insufficient to support a divorce on the ground of habitual cruel and inhuman treatment, (2) the evidence relied upon by the chancellor was inadmissible, and (3) the equitable distribution and the alimony award were based on incorrect calculations." *Jackson v. Jackson*, 2014 WL 5553539, at *2 (Miss. Ct. App. Nov. 4, 2014).  The Court of Appeals affirmed the chancellor's judgment in all respects.  *Id.* at *9.  Michael then filed a petition for writ of certiorari with this Court, essentially reasserting the same claims he raised before the Court of Appeals.  This Court granted Michael's petition, and we now limit our

2

review to Michael's claim that the chancellor miscalculated the value of Rosie's equitable distribution of the marital estate. Miss. R. App. P. 17(h).

**DISCUSSION**

¶4. Michael argues, as he did before the Court of Appeals, that the chancellor erroneously undervalued Rosie's equitable share of the marital estate by counting the value of the mortgage balance on the parties' marital home against Rosie twice. The equitable distribution of marital property upon divorce is governed by this Court's holding in *Ferguson v. Ferguson*, 639 So. 2d 921 (Miss. 1994). In reviewing a chancellor's findings concerning equitable distribution, this Court applies a limited standard of review. "[T]his Court will not substitute its own judgment for that of the chancery court, and the findings of the chancery court will be overturned only when those findings are manifestly wrong or clearly erroneous, or an incorrect legal standard was applied." *Cuccia v. Cuccia*, 90 So. 3d 1228, 1232 (Miss. 2012) (citing *Bowen v. Bowen*, 982 So. 2d 385, 394 (Miss. 2008)).

¶5. In the final judgment of divorce, the chancellor awarded use of the marital home to Rosie and ordered Michael to execute a quitclaim deed transferring his interest in the home to Rosie. The parties stipulated that the home was worth $78,000. The home was encumbered by a mortgage with a balance of $50,103, resulting in $27,897 in equity. As part of the equitable division of marital assets under *Ferguson*, the chancellor reduced the home's stipulated value by the value of the mortgage balance and allocated only the home's equity as an asset to Rosie. Rosie's total share of marital assets was valued at $31,928. Michael,

3

on the other hand, received marital assets valued at $120,310.64. This distribution created an $88,382.64 disparity in favor of Michael with respect to the distribution of assets.

¶6.    The chancellor then distributed the marital debts between the parties. The parties' credit card debt, totaling $4,950, was allocated to Michael. The mortgage balance on the marital home was allocated to Rosie. Accordingly, Michael's net distribution of the marital estate was valued at $115,360, while Rosie's net distribution had a value of negative $18,175. Using these calculations, the chancellor found it appropriate to award Rosie lump-sum alimony "in order to reach an equitable division of the marital property." The chancellor calculated the amount of alimony by equalizing Rosie's negative net distribution with an initial award of $18,175 and then granting an additional award of $39,505.32, representing half of the remaining net marital assets, for a total award of $57,680.32.

¶7.    On appeal, Michael argued that the chancellor had miscalculated the value of the parties' equitable distributions by erroneously counting the mortgage debt against Rosie twice – once as a reduction on the value of the home, and again as a separate liability. The Court of Appeals rejected this argument without directly addressing it, simply holding that "[e]quitable distribution does not mean equal distribution." *Jackson*, 2014 WL 5553539, at *8 (quoting *Jenkins v. Jenkins*, 67 So. 3d 5, 11 (Miss. Ct. App. 2011)). The Court of Appeals found that Michael was awarded a majority of the assets and no longer had any financial responsibilities concerning the home. *Id*. Thus, the Court of Appeals found that the chancellor's findings were supported by credible evidence and were not manifestly wrong. *Id.*

4

¶8.     We find that the Court of Appeals erred in affirming the chancellor's judgment here, as the chancellor manifestly erred in its calculation of Rosie's equitable distribution of the marital estate.  While a truly equal distribution of marital property is not required under *Ferguson*, the chancellor's equitable distribution must be based on correct calculations.  *See Ferguson*, 639 So. 2d at 927.  In the instant case, it is clear that the chancellor intended for Rosie to be personally responsible for paying the mortgage on the marital home, so it was appropriate for him to allocate the value of the mortgage balance as a liability to Rosie.  However, the chancellor also included the mortgage balance in his allocation of marital assets by allocating the home's equity, rather than its stipulated market value, to Rosie.  Thus, Michael is correct that the chancellor erroneously counted the mortgage balance both as a liability and as a reduction to the value of an asset.  This double counting caused Rosie's net distribution of the marital estate to be undervalued by $50,103.

¶9.     Because the chancellor committed a clear mathematical error in calculating the parties' respective equitable distributions, we must reverse the chancellor's division of the marital estate and remand this case to the chancery court for further proceedings.  It is also necessary for this Court to reverse the chancellor's award of lump-sum alimony to Rosie.  *See Gutierrez v. Gutierrez*, 153 So. 3d 703, 711 (Miss. 2014) ("Where it is necessary to reverse the chancery court's division of the marital estate, an accompanying award of alimony should also be reversed, as a reallocation of marital assets and liabilities may obviate the need for alimony.").  The chancellor's award of lump-sum alimony was based on his incorrect determination that Rosie's net distribution of the marital estate had a negative

5

value. On remand, the chancellor should revisit the distribution of the marital assets and liabilities. After doing so, the chancellor should reconsider an appropriate alimony award, if necessary.

## CONCLUSION

¶10. The chancellor's equitable distribution of marital property and subsequent award of alimony are reversed, and this case is remanded to the chancery court for further proceedings. We affirm the judgments of the chancery court and the Court of Appeals in all other respects.

¶11. **AFFIRMED IN PART, REVERSED IN PART, AND THE CASE IS REMANDED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**